UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
JUANA SIERRA,

                  *Plaintiff,*

      - against -

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF BUILDINGS, and PATRICIA
J. LANCASTER, in her capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF BUILDINGS; NEW
YORK CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT, and
SHAUN DONOVAN, in his capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION
AND DEVELOPMENT; and EMAD IBRAHEM.

                  *Defendants.*
------------------------------------------------------------------- X

07 Civ. 6769  ( JSR ) (ECF CASE)

**COMPLAINT FOR PRELIMINARY
AND PERMANENT INJUNCTION;
DECLARATORY JUDGMENT; AND
DAMAGES FOR VIOLATION OF
THE FAIR HOUSING ACT AND THE
NEW YORK STATE HUMAN
RIGHTS LAW**

      Plaintiff Juana Sierra ("Plaintiff Sierra"), by her attorneys, for her complaint against Defendants, alleges upon personal knowledge as to her own acts, and upon information and belief as to all other matters, as follows:

### NATURE AND SUMMARY OF THE ACTION

      1.    Plaintiff Sierra brings this civil action against the City of New York, the New York City Department of Buildings and its Commissioner, and the New York City Department of Housing Preservation and Development and its Commissioner (collectively, "City Defendants") for the enforcement of New York City ("NYC") Housing Maintenance Code ("HMC") § 27-2076(b), N.Y.C. Admin. Code § 27-2076(b) (1993), which discriminates against her on the basis of familial status in violation of Title VIII of the Civil Rights Act of 1968, the Fair Housing Act,

1

as amended by the 1988 Fair Housing Amendments Act, 42 U.S.C. § 3601 *et seq.* (2000) ("Fair Housing Act").

2. Plaintiff Sierra also brings this action against the owner and landlord of her residential building, Defendant Emad Ibrahem, for filing and pursuing an action to evict Plaintiff Sierra based on City Defendants' issuance of a violation citing HMC § 27-2076(b), which prohibits children between the ages of one and sixteen from residing in a rooming unit. Such eviction proceedings discriminate against her on the basis of familial status in violation of (1) the Fair Housing Act, as amended by the 1988 Fair Housing Amendments Act, 42 U.S.C. § 3601 *et seq.*; and (2) the New York State Human Rights Law, N.Y. Exec. Law § 296(5) (McKinney Supp. 2007).

3. Plaintiff Sierra asserts that HMC § 27-2076(b) is an ordinance that facially discriminates on the basis of familial status, a protected status under both the Fair Housing Act and the New York State Human Rights Law ("Human Rights Law").

4. On April 24, 2006, after receiving a complaint, the New York City Department of Buildings ("DOB") investigated and issued a violation to Defendant Ibrahem citing a violation of HMC § 27-2076(b). Such violation references Plaintiff Sierra's home.

5. As a result of the violation issued by Defendant DOB, Defendant Ibrahem commenced eviction proceedings in Civil Court of the City of New York ("NYC housing court") against Plaintiff Sierra.

## PARTIES

6. Plaintiff Sierra lives with her two children, ages five and fifteen, at 24 West 119th Street, Rooms 2 and 3, New York, New York 10026. Plaintiff Sierra and her family occupy the only two residential units, which are SRO rooming units, on the first floor of the building.

Plaintiff Sierra has lived at the subject premises with her family since December 2001. Plaintiff Sierra began living on the premises with her husband, Genaro Mercado, and her now fifteen year-old daughter. In October 2001 Plaintiff Sierra's now five-year-old son was born. In November 2006, Plaintiff Sierra's husband left the premises and no longer lives with the family.

7. Defendant, City of New York, is a municipal corporation established and organized under the laws of the State of New York and exercises authority over properties within its boundaries through enacting and enforcing health, safety, and occupancy ordinances, including occupancy provisions set forth in the HMC.

8. Defendant, New York City Department of Buildings, is an agency responsible for ensuring the safe and lawful use of NYC buildings and properties by enforcing the Building Code and Zoning Resolutions.

9. Defendant, New York City Department of Housing Preservation and Development, is the nation's largest municipal housing agency and is responsible for enforcing compliance with the HMC and the New York State Multiple Dwelling Law.

10. Defendant Emad Ibrahem is the owner and landlord of 24 West 119th Street, New York 10026 and is currently pursuing an eviction proceeding against Plaintiff Sierra in NYC housing court.

## JURSIDICTION AND VENUE

11. This Court has original jurisdiction over the subject matter of Plaintiff Sierra's claims for violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, pursuant to 42 U.S.C. § 3613(a) and 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Plaintiff Sierra's state-law claims pursuant to 28 U.S.C. § 1367(a) in that all of Plaintiff Sierra's claims arise out of a common nucleus of operative facts.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims occurred in this judicial district.

## STATUTORY FRAMEWORK

Anti-discrimination Statutes

14. Section 804 of the Fair Housing Act prohibits discrimination based on race, color, religion, national origin, disability, and familial status. 42 U.S.C. § 3604. It is unlawful to refuse to sell or rent or to "make unavailable or deny, a dwelling to any person because of . . . familial status[.]" 42 U.S.C. § 3604(a). The Fair Housing Act also makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . familial status[.]" 42 U.S.C. § 3604(b). The Fair Housing Act defines familial status as: "one or more individuals (who have not attained the age of 18 years) being domiciled with – (1) a parent[.]" 42 U.S.C. § 3602(k).

15. The Human Rights Law makes it unlawful to "refuse to sell, rent, lease or otherwise to deny to or withhold from any person or group of persons such a housing accommodation because of . . . familial status[.]" N.Y. Exec. Law § 296(5)(a)(1). Additionally, it is unlawful to "discriminate against any person because of . . . familial status in the terms, conditions, or privileges of the sale, rental or lease of any such housing accommodation or in the furnishing of facilities or services in connection therewith." *Id.* § 296(5)(a)(2).

4

<u>Occupancy Standards</u>

16. HMC § 27-2076(b) states that, "[n]o rooming unit shall be occupied by a family with a child under the age of sixteen years, except that if a child is born to a family residing in such accommodations, the unlawful occupancy shall not commence until one year after the birth of such child." N.Y.C. Admin. Code § 27-2076(b). A rooming unit is defined as "one or more living rooms arranged to be occupied as a unit separate from all other living rooms, and which does not have both lawful sanitary facilities and lawful cooking facilities for the exclusive use of the family residing in such unit." *Id*. § 27-2004.

17. Alternatively, the New York State Multiple Dwelling Law § 248(12) states, in relevant part, that "[n]o room may be occupied for sleeping purposes by more than two adults considering children of twelve years or more as adults and two children between the ages of two and eleven years inclusive as the equivalent of one adult. Children under two years of age need not be considered as occupants." N.Y. Mult. Dwell. Law § 248(12) (McKinney 2001) ("Multiple Dwelling Law").

18. The Department of Housing and Urban Development ("HUD"), the federal agency responsible for implementing and enforcing the Fair Housing Act, has published guidance stating that "the Department [of Housing and Urban Development] believes that an occupancy policy of two persons in a bedroom, as a general rule, is reasonable under the Fair Housing Act." Fair Housing Enforcement – Occupancy Standards Statement of Policy, Notice, 63 Fed. Reg. 70256 (Dec. 18, 1998).

**GENERAL ALLEGATIONS**

19. Plaintiff Sierra is a low-income tenant who resides in two single room occupancy ("SRO") units with her two children, who are both between the ages of one and sixteen. In

December 2001, Plaintiff Sierra began living on the premises with her husband, Genaro Mercado, and her now fifteen year-old daughter. In 2002, Plaintiff Sierra's now five-year-old son was born. In November 2006, Plaintiff Sierra's husband left the premises and no longer lives with the family.

20. Plaintiff Sierra and her family have occupied the entire first floor of the subject premises, where there are two units and one bathroom. Each unit has its own entrance from the shared public hallway on the first floor of the building. There are no other units on the first floor. Each of the units and the bathroom are always locked and they require a separate key to enter each one. Plaintiff Sierra and her two children are the only tenants who have a key to access the bathroom. Plaintiff Sierra and her family use a kitchen that is located in one of their two units.

21. Plaintiff Sierra's rent for both units combined is $522.15 per month.

22. On two previous occasions, Defendant Ibrahem attempted to evict Plaintiff Sierra for having children between the ages of one and sixteen living in the building. Defendant Ibrahem first commenced a holdover proceeding to evict Plaintiff Sierra in 2005 claiming that there were children between the ages of one and sixteen living in the building in violation of HMC § 27-2076(b). The first proceeding was dismissed because HMC § 27-2076(b) does not grant the authority to bring a holdover proceeding in the absence of a prior notice of violation issued by a NYC agency.

23. On information and belief, Defendant Ibrahem called the NYC Department of Buildings to report that that there were children between the ages of one and sixteen living in rooming units at 24 West 119th Street, New York, New York 10026.

24. On April 24, 2006, Defendant NYC Department of Buildings issued several violations to Defendant Ibrahem including one for illegal occupancy based on persons between the ages of one and sixteen living in the rooming unit, citing HMC § 27-2076(b).

25. In July 2006 Defendant Ibrahem used the violation issued by the NYC Department of Buildings as a basis to file suit against Plaintiff Sierra for a second time in the Civil Court of the City of New York ("NYC housing court"). The proceeding was dismissed because Defendant Ibrahem failed to serve Plaintiff Sierra with a Notice to Cure.

26. In March 2007, Defendant Ibrahem filed a third suit against Plaintiff Sierra based on Defendant NYC DOB's violation, which is currently pending in NYC housing court.

27. Plaintiff Sierra is a rent stabilized tenant pursuant to New York State's Rent Stabilization Law, adopted by New York City as the Rent Stabilization Code. The Rent Stabilization Law was passed to regulate privately-owned housing in New York State. There are specific sections of the Rent Stabilization Law that apply only to housing in New York City, which were codified as the New York City Rent Stabilization Code.

28. The Rent Stabilization Code sets forth which tenancies are subject to rent stabilization and enumerates specific rights that rent stabilized tenants have, including grounds upon which a tenant may be evicted. 9 N.Y.C.R.R. § 2520 *et seq.* (1987).

29. Pursuant to § 2524.2 of the Rent Stabilization Code, a rent stabilized tenant may only be evicted based on a ground specifically enumerated in the law. An eviction of a rent stabilized tenant can only be carried out when the landlord pleads and proves a ground set forth in the rent stabilization law as a basis for the eviction. *Id.* § 2524.2.

30. Pursuant to § 2524.3(c) of the Rent Stabilization Code, a landlord can seek a tenant's eviction from a rent stabilized unit where (1) the tenant is occupying the unit in a manner that is

illegal and (2) such illegal occupancy subjects the owner to a civil or criminal penalty. *Id.* § 2524.3(c).

31. Defendant Ibrahem is seeking to evict Plaintiff Sierra on the grounds that (1) Plaintiff Sierra is occupying the unit in a manner that is illegal and in violation of HMC § 27-2076(b) and (2) NYC issued a violation threatening civil penalties against Defendant Ibrahem due to the violation of HMC § 27-2076(b).

32. Plaintiff Sierra would not currently be at risk of eviction if Defendant Ibrahem could not rely on the grounds of illegal occupancy based on Plaintiff Sierra's children occupying the rooming units.

33. On information and belief, Plaintiff Sierra and her family could not afford another apartment in the neighborhood, or elsewhere, if they were evicted based on NYC occupancy standards.

34. HMC § 27-2076(b) establishes an outright ban on children between the ages of one and sixteen living in SROs with a parent, and as a result, precludes families with children from residing in SROs in NYC.

35. Under the Fair Housing Act and Human Rights Law, an outright ban on children is facially discriminatory and not a reasonable occupancy policy. Landlords are liable for discriminating on the basis of familial status under federal and state laws and thus may not take refuge under an unreasonable and illegal occupancy policy.

36. The New York State Multiple Dwelling Law § 248(12) appropriately takes into account legitimate overcrowding concerns and also complies with the Fair Housing Act and the Human Rights Law. Therefore, HMC § 27-2076(b) is impermissibly and overly restrictive.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF FAIR HOUSING ACT (42 U.S.C. § 3604)

37. Plaintiff Sierra realleges and incorporates by reference the allegations in paragraphs 1 through 36 as set forth herein.

38. HMC § 27-2076(b), on its face, violates the Fair Housing Act by impermissibly requiring discrimination on the basis of familial status. 42 U.S.C. § 3604(a)-(b).

39. By enforcing HMC § 27-2076(b), Defendants have:

   a. made unavailable dwellings to persons because of their familial status in violation of 42 U.S.C. § 3604(a); and

   b. discriminated in the terms and conditions of the rental of dwellings because of familial status in violation of 42 U.S.C. § 3604(b).

40. Pursuant to 42 U.S.C. § 3613(c)(1), Plaintiff Sierra is entitled to "any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate)."

41. Defendants' discriminatory practices have caused injury to and aggrieved Plaintiff Sierra. Pursuant to 42 U.S.C. § 3613(c)(1), Plaintiff Sierra is entitled to damages in a sum to be ascertained for the injuries caused by the discriminatory conduct.

42. Plaintiff Sierra is entitled to reasonable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF NEW YORK STATE
## HUMAN RIGHTS LAW (N.Y. Exec. Law § 296(5))

43. Plaintiff Sierra realleges and incorporates by reference the allegations in paragraphs 1 through 36 as set forth herein.

44. By pursuing an action to evict Plaintiff Sierra on the basis of a violation of HMC § 27-2076(b) Defendant Ibrahem has:

    a. otherwise denied or withheld housing accommodations because of familial status in violation of the Human Rights Law, N.Y Exec. Law § 296(5)(a)(1); and

    b. discriminated in the terms, conditions, or privileges of the rental of housing accommodations because of familial status in violation of the Human Rights Law. N.Y. Exec. Law § 296(5)(a)(2).

45. Defendant Ibrahem's unlawful discriminatory practices have aggrieved and already caused injury to Plaintiff Sierra. Plaintiff Sierra is entitled to damages in a sum to be ascertained for the injuries caused by the unlawful discriminatory conduct. N.Y. Exec. Law § 297(9).

46. Defendant Ibrahem's unlawful discriminatory practices in violation of the Human Rights Law, if not preliminary and permanently enjoined, will cause Plaintiff Sierra irreparable harm. Accordingly, Plaintiff Sierra is entitled to preliminary relief and a temporary restraining order. N.Y. Exec. Law § 298.

47. Plaintiff Sierra is entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff Sierra prays for the following relief:

1. That the Court enter an order finding as follows:

    a. Declaring HMC § 27-2076(b) invalid and unenforceable because on its face, it violates the Fair Housing Act, 42 U.S.C. § 3604 pursuant to § 3615;

    b. Declaring any open or pending violations of HMC § 27-2076(b) issued by City Defendants invalid and unenforceable;

    c. Granting a temporary and permanent injunction against City Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them barring enforcement of HMC § 27-2076(b);

    d. Granting a temporary and permanent injunction barring Defendant Ibrahem, his agents, employees, and successors, and all other persons in active concert or participation with them, from taking any actions to evict Plaintiff Sierra based on HMC § 27-2076(b);

    e. Awarding damages as would fully compensate Plaintiff Sierra for damages caused by the Defendants' unlawful discriminatory practices;

    f. Awarding reasonable attorney fees and costs;

    g. Granting additional relief as the interests of justice may require.

Dated: July 26, 2007
      New York, NY

Respectfully Submitted,

URBAN JUSTICE CENTER
Homelessness Outreach and
Prevention Project
Leslie T. Annexstein (LA 0430)
Ami T. Sanghvi (AS 5128)
123 William Street, 16th Floor
New York, New York 10038
Tel. (646) 602-5643

WEST SIDE SRO LAW PROJECT
Goddard Riverside Comm. Center
Molly Doherty (MD 2044)
Martha Weithman (MW 3333)
647 Columbus Avenue
New York, New York 10025
Tel. (212) 799-9638

BY: AMI T. SANGHVI