UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JUANA SIERRA

                                                Plaintiffs,

    - against -                                        **AFFIDAVIT**

CITY OF NEW YORK; NEW YORK CITY                    07 Civ. 6769 (JSR)
DEPARTMENT OF BUILDINGS AND PATRICIA
LANCASTER, in her capacity as COMMISSIONER
OF NEW YORK CITY DEPARTMENT OF
BUILDINGS, NEW YORK CITY DEPARTMENT
OF HOUSING PRESERVATION AND
DEVELOPMENT, and SHAUN DONOVAN, in his
capacity as COMMISSIONER OF NEW YORK
CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT

                                                Defendants.

------------------------------------------------------------------x

STATE OF NEW YORK    )
                                ) .ss:
COUNTY OF NEW YORK  )

        **FRANK ANGILLETTA** being duly sworn, deposes and says:

        1.     I am an inspector assigned to the Building Enforcement Safety Team (BEST) of the New York City Department of Buildings ("DOB"). In that capacity I have regularly performed construction, zoning and building code inspections in structures located in New York City. I submit this affidavit, which is based upon my personal knowledge and upon a review of books and records of the Department of Buildings, in opposition to plaintiff's motion for a preliminary injunction.

        2.     Upon information and belief, DOB received an anonymous complaint on April 24, 2006, concerning illegal demolition in the cellar and the first and second floors of the

premises located at 24 West 119th Street in Manhattan ("subject premises"). A copy of the Department's Building Information System ("BIS") record of the data inputted regarding the complaint is annexed as Exhibit A.

3. According to available City records, the subject premises is a three story, converted Class B multiple dwelling. A copy of the information card ("I-card") on file is attached as Exhibit B. The basement is arranged for use as a permanent Class A apartment with three rooms. The first floor is arranged for use as two Class B rooms with cooking and common bath facilities. The second floor is arranged for use as four Class B rooms with cooking and common bath facilities. The third floor is arranged for use as four Class B rooms with cooking and common bath facilities.

4. In response to the complaint above, I conducted an inspection of the subject premises on April 24, 2006. I observed that the first floor, where the plaintiff allegedly lives, was occupied contrary to the I-card and in a manner prohibited by law. The L-shaped Class B room on the first floor contained cooking facilities within the room without any soffitt or other smoke or fire barrier so that the room was effectively a kitchen occupied for sleeping purposes in violation of Section 27-2076(a) of the Administrative Code. I also observed a female child in this rear unit of the first floor. I asked her if she lived there and her name and age. She stated that she did live there with her mother and father, identified herself as Corina Carios and said that she was fourteen years old. Her occupancy of the room was therefore in violation of Section 27-2076(b) of the Administrative Code.

5. As a result of my inspection, DOB issued a notice of violation to the landlord. A copy the notice of violation is annexed as Exhibit C. The notice of violation stated, in pertinent part, as follows:

Provision of Law. 27-217. Violating conditions observed. Hazardous. Occupancy contrary to that allowed by CO/I-card. I-card states that a 3 story and basement building (SRO) multi-dwelling calls for a basement Class A apartment and 1st, 2nd and 3rd floor apartments as Class "B", w/3 communal kitchens & bathrooms. 1st floor has 2 rooms, 2nd has 4 rooms & 3rd floor has 4 rooms. On day of inspection, 1st floor had no communal kitchens as stated on I-card. Kitchen was located in 1st floor rear unit (Apt. #3). enclosed with sleeping area next to kitchen. Apt. #2 on 1st floor had no kitchen access, and rear apt. #3 (1st floor) had a 14 year old female child (Corina Carios). The above situation doesn't comply with Housing Maintenance Code 27-2076 prohibited occupancies: A. No kitchen shall be occupied for sleeping B. No rooming unit shall be occupied by a family with a child under the age of 16.

Remedy. Discontinue use or amend certificate of occupancy.

I declare under penalty of perjury that the foregoing is true and correct.

_____
FRANK ANGILLETTA

Sworn to before me this

14th day of August, 2007

_____
NOTARY PUBLIC

JERALD HOROWITZ
Notary Public, State of New York
No. 24-4997097
Qualified in Kings County
Commission Expires June 1, 2010

- 3 -

Index No. 07 CV 6769 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANA SIERRA,

                              Plaintiff,

-against-

THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF BUILDINGS; PATRICIA J. LANCASTER, in her capacity as COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF BUILDINGS; NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT; SHAUN DONOVAN, in his capacity as COMMISSIONER OF NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT; and EMAD IBRAHEM,

                              Defendants.

**AFFIDAVIT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*Address for Service of Papers*
*100 Church Street, Room 5-189*
*New York, N.Y. 10007*

*Of Counsel: Jerald Horowitz*
*Tel: (212) 442-0589*
*NYCLIS No.2007-023070*