UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANA SIERRA

*Plaintiff*

- against -

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF BUILDINGS and PATRICIA J. LANCASTER, in her capacity as COMMISSIONER OF NEW YORK CITY DEPARTMENT of BUILDINGS: NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, and SHAUN DONOVAN, in his capacity as COMMISSIONER OF NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT; and EMAD IBRAHEM

*Defendants*

Index No. 6769cv07

**ATTORNEY'S DECLARATION IN OPPOSITION TO PLAINTIFF'S ORDER TO SHOW CAUSE**

ORIGINAL

SETH DENENBERG, declares, upon information and belief, the following to be true, under penalty of perjury, pursuant to 28 U.S.C. Section 1746, as follows:

1. I am an attorney duly admitted to the Bar of the State of New York and the Southern District of the Federal Court. I am an attorney with the law firm of Sperber, Denenberg & Kahan, P.C., attorneys for the Defendant Emad Ibrahem and I am fully familiar with the facts set forth herein based on my review of the records concerning the instant matter.

2. This declaration is respectfully submitted in opposition to Plaintiff's Order to Show Cause that seeks, among other things, for this Court to grant Plaintiff a preliminary injunction.

**RELEVANT PROCEDURAL AND FACTUAL HISTORY**

3. Defendant Emad Ibrahem (Hereinafter, "Ibrahem") is the owner of the building, since 2004, known as and located at 24 West 119th Street, New York, New York. Plaintiff Juana Sierra is a occupant of the single residency occupancy rooms 2 & 3 at the subject

building. (Hereinafter, "subject unit")

4. Plaintiff Juana Sierra resides in the subject unit with her 2 minor children, in clear violation of Housing Maintenance Code Section 27-2076(b).

5. The tenant-of-record for the subject unit is Genaro Mercado. Plaintiff states that she moved into Genaro Mercado's single residency occupancy unit in 2001. The tenant-of-record, Genero Mercado, no longer resides in the subject unit.[1]

6. As a result of the Plaintiff's occupancy of the subject unit in violation of HMC section 27-2076(b), Defendant Ibrahem, in 2005, commenced a New York City Housing Court proceeding pursuant to section 2524.3(c) of the Rent Stabilization Code. The said 2005 Housing Court proceeding was dismissed due to the absence of a violation issued by a New York City agency.

7. On April 24, 2006, a violation was subsequently issued by the NYC Department of Buildings as a result of the Plaintiff residing in the subject unit with her minor child.

8. Defendant Ibrahem thereafter commenced another Housing Court proceeding in 2006. The 2006 Housing Court proceeding was dismissed due to Defendant Ibrahem not serving a Notice to Cure to allow Genaro Mercado to save his tenancy by removing the Plaintiff and her minor children.

9. Accordingly, Defendant Ibrahem thereafter properly served a Notice to Cure. In 2007 commenced another Housing Court proceeding, **Emad Ibrahem v. Genaro Mercado/John and Jane Doe,** New York Housing Court Index Number 6048/2007. The said

---

[1] Upon information and belief, the tenant-of-record Genaro Mercado was arrested for sexually abusing Plaintiff's 15 year old child from a prior relationship.

2007 Housing Court proceeding is currently pending with an adjourn date of September 24, 2007.

10. The Plaintiff now files the instant Order to Show Cause that seeks, among other things, for the instant Court issue a preliminary injunction that bars Defendant Ibrahem from taking any actions to evict Plaintiff Juana Sierra.

11. For the reasons stated below, the Plaintiff's application for a preliminary injunction must be denied.

### PLAINTIFF'S ORDER TO SHOW CAUSE MUST BE DENIED

12. Plaintiff's Order to Show Cause seeking a preliminary injunction must be denied.

*a. Standard for Granting Preliminary Injunction*

13. As this Court well knows, in order to obtain a preliminary injunction, the moving party must establish, (1) irreparable harm in the absence of the injunction and either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly towards the party requesting the preliminary relief. See **Goldberg v. Fienberg, 101 F.3rd 796 (2nd CIR, 1996)**

*b. Failure to Establish Irreparable Harm*

14. Plaintiff Sierra fails to establish that she would suffer irreparable harm if this Court were not to grant a preliminary injunction.

15. Irreparable harm is "injury that is neither remote or speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." See **Rodriguez v.**