*Debuono* 162 F.3rd 56, 61 (2d Cir. 1998)

16.     The Court must first note that the Plaintiff is solely responsible for her current predicament. Mainly, the Plaintiff willfully took occupancy of the subject premises in clear violation of HMC Section 27-2076(b). The subject unit was not her home. Plaintiff had uprooted herself and her then twelve year old daughter, knowingly, voluntarily and intentionally, to move into the SRO unit with Mr. Mercado. This is not a circumstance she found herself in due to things outside her control. Thus, any injury claimed by Plaintiff would only be the direct result of the Plaintiff intentionally violating the law and creating the situation herself.

17.     Indeed, to grant Plaintiff's application for preliminary injunction could potentially encourage others to willfully violate other sections of the Housing Maintenance Code or other laws, in their hope, no matter how fleeting, that they can continually benefit from their willful illegal conduct while they contest the law's validity in Court. Needless to say, such a scenario would cause create much confusion and would be detrimental to the stability of the rule of law.

18.     Additionally, Plaintiff's past inactions counter Plaintiff's claim that she stands to suffer actual and imminent harm.

19.     As stated above, Plaintiff and Defendant Ibrahem have been involved in litigation over the Plaintiff's illegal occupancy in violation of HMC Section 27-2076(b) since 2005. Plaintiff, only now, in July 2007, files the instant application. Certainly, if Plaintiff genuinely believed that she was to going to suffer such imminent and actual harm, there would of been no delay in seeking the instant relief. Plaintiff is without adequate explanation and/or

justification for its significant and inordinate delay in filing the instant motion.

20. Furthermore, Plaintiff's claim that she has no recourse and will suffer actual and imminent harm is further unavailing since Plaintiff can raise it's defenses and/or make applications for stays in the pending New York City Housing Court proceeding. *See* **Anglin v. United States**, **1995 WL 331789 (S.D.N.Y.)**

21. The Court must also note that **28 U.S.C. Section 2283,** bars a restraint of or injunction against the continued prosecution of existing proceedings.[2]

22. **28 U.S.C. Section 2283** states as follows:

> **A Court of the US may not grant a injunction to stay proceedings in state court except as expressly authorized by act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.**

23. Plaintiff has not adequately shown that the relief sought comes within the limited exceptions of *28 USC Section 2283* to thereby warrant a stay in the pending New York City Housing Court proceeding.

24. In addition, contrary to what is claimed by Plaintiff, Plaintiff has failed to demonstrate a likelihood of success on the merits that would dispense of the requirement of a showing of irreparable harm pursuant to the Fair Housing Act.

25. As such, based on the foregoing, Plaintiff has failed satisfy the first prong for the granting of a preliminary injunction and as such, Plaintiff's Order to Show Cause must be denied. *See* **Goldberg v. Fienberg**, *101 F.3rd 796 (2nd CIR, 1996)*

b. *Plaintiff is unlikely to succeed on the Merits*

---

[2] The granting of Plaintiff's motion would have the effect of staying the pending New York City Housing Court proceeding between the parties, seemingly in violation of the dictate of *28 USC Section 2283*.

26. Plaintiff is unlikely to succeed on the merits.

27. Plaintiff fails to raise any questions that go to the merits that could be characterized as serious, substantial, difficult and doubtful that would make them fair ground for litigation and for more deliberate investigation. *Hamilton Watch Co. V. Benrus Watch Co.*, 206 F.2d 738 (2nd Cir. 1953)

28. Specifically, Plaintiff is unlikely to succeed on her claim that the Housing Maintenance Code Section 27 - 2076(b) violates the Fair Housing Act and/or New York State Human Rights Law.[3]

29. As this Court well knows, the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest. See *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432 (1985).

30. It cannot be seriously disputed that HMC Section 27-2076(b) advances a legitimate state interest in protecting the safety, health and welfare of vulnerable children under the age of sixteen. See *Paul Palmieri v. Town of Babylon*, 2006 F.Supp.2d, 2006 WL 1155162 (EDNY).

31. Clearly, the differential treatment afforded under HMC Section 27-2076(b) is both objectively legitimate and tailored to protect vulnerable young children, in that the restriction benefits the protected class and further responds to legitimate safety concerns raised by the individuals affected rather based on stereotypes. See *CMTY. House, Inc. City of Boise*, No. 05-36195, 2007 (WL 1651315) at *6-7 citing *Larkin v. Michigan Dep't Social Services*,

---

[3] The Court should note that Plaintiff does not claim that the defendant/landlord Emad Ibrahem is discriminating against Plaintiff, but that the HMC Section 27-2076(b) is facially discriminatory.