*89 F.3d 285 (6th Cir. 1996).*

32. Indeed, the legislative declaration for the Housing Maintenance Code states as such:

> *It is hereby found that the enforcement of minimum standards of health and safety, fire protection, light, cleanliness, repair and maintenance and occupancy in dwellings is necessary to protect the people of the city against the consequences of urban blight. The sound enforcement of minium housing standards is essential:*
>
> *1. To preserve decent housing;*
>
> *2. To prevent adequate or salvageable housing from deteriorating to the point where it can no longer be claimed; and*
>
> *3. To bring about the basic decencies and minimal standards of healthful living in already deteriorated dwellings, which, although no longer salvageable, must serve as habitations until they can be replaced;*
>
> *In order to accomplish these purposes, and following a review of existing housing standards in the light of present needs, and a reexamination of methods of administration, including legal sanctions and remedies to assure the effectiveness of enforcement, it is hereby found that the enactment of a comprehensive code standards for decent housing maintenance, imposing duties and responsibilities for the preservation of the dwellings in the city upon owners and tenants, as well as on the municipality itself, enforceable by broad range of legal, equitable and administrative powers is appropriate for the protection of the health, safety and welfare of the people.*
> **Housing Maintenance Code Section 27-2002.**

33. Moreover, the purpose of HMC Section 27-2076, initially enacted as Local law 6 of 1960, was to protect children under the age of sixteen years from being reared in inadequate and undesirable SRO dwelling accommodations that endangers their health, safety,

and welfare.

34.  Thus, HMC Section 27-2076 was enacted to protect young, vulnerable children from the inherent hazards, risks and dangers that exist in a single occupancy unit of which is predominantly occupied by male adults. Clearly, HMC Section 27-2076 is reasonable, benefits the protected class, and further responds to legitimate safety concerns raised by individuals affected rather then being based on stereotypes. See *CMTY. House, Inc. City of Boise*, No. 05-36195, 2007 (WL 1651315) at *6-7 citing *Larkin v. Michigan Dep't Social Services.*, 89 F.3d 285 (6th Cir. 1996)

35.  The above analysis further applies to Plaintiff's contentions concerning the New York State Humans Right law.[4]

36.  It is the law in New York State that when a statute is challenged, "not only is the legislation presumed to be constitutional, but is also presumed that the legislature investigated and found the existence of a situation which warranted remedial action. *Orange and Rockland Untilities,Inc v. Town of Haverstraw*, 7 Misc.3d 107(a) (Supreme Court, Rockland County, New York 2005) citing *Mallinckrodt Medical, Inc. v. Assessor of the Town of Argyle*, 292 A.D.2d 721 (3rd Dept. 2002); *Montgomery v. Daniels*, 38 N.Y.2d 41 (1975). "Proof of unconstitutionality beyond a reason doubt must submitted to rebut the presumption of constitutionality to legislative enactments. . *Orange and Rockland Untilities,Inc v. Town of Haverstraw*, 7 Misc.3d 107(a) (Supreme Court, Rockland County, New York 2005) citing *Mallinckrodt Medical, Inc. v. Assessor of the Town of Argyle*, 292

---

[4] Defendant Ibrahem is not discriminating against Plaintiff due to family status, but is simply seeking the Plaintiff to comply with the Housing Maintenance Code of the City of New York.

A.D.2d 721 (3rd Dept. 2002); *Maresca v. Cuomo*, 64 N.Y.2d 242 (1984).

37. Plaintiff has failed to sufficiently establish that the HMC 27-2076 is unconstitutional or that it otherwise violates the New York State Human Rights Law. Again, the purpose of HMC 27-2076(b) is to protect the safety, health and welfare of vulnerable young children from being exposed to the inherent hazards, dangers and unsuitable living conditions that exist in single residence occupancy units.

38. As such, based on all of the above, Plaintiff has certainly not demonstrated a likelihood of success on the merits of this action.

D. *Balance of hardships*

39. Plaintiff's claim that the balance of hardship decidedly tips toward to Plaintiff is also without merit.

40. As stated above, Plaintiff has failed to raise sufficiently serious questions going to the merits of the matter. Moreover, any hardship Plaintiff claims that she will suffer would only be the result of the Plaintiff willfully taking occupancy in violation of the Housing Maintenance Code.

41. Moreover, contrary to what is claimed by Plaintiff, the Defendant is not without hardship. The Defendant Ibrahem will be exposed to increased risk of civil liability as a result of the Plaintiff rearing her young children in living conditions that the legislature has previously found to be unsuitable, inadequate and dangerous. In addition, the Defendant Ibrahem has been forced to expend significant sums in legal fees as a result of the protracted litigation that has occurred as a result of the Plaintiff's illegal occupancy of the subject unit.

42. As such, the Plaintiff claim that the balance of hardship tips to Plaintiff's favor

## CONCLUSION

43. For all the reasons set forth above, Defendant Ibrahem respectfully requests that this Court deny Plaintiff's application for a preliminary injunction in that Plaintiff has failed to meets the requisite standard for the granting of such an injunction.

Dated: New York, New York
      September 5, 2007

_____
*Seth Denenberg, Esq.*