SEP-04-2007 14:10                                                                                                P.02/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No. 6769cv07

JUANA SIERRA

**Affidavit**

*Plaintiff*

- against -

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF BUILDINGS and PATRICIA J.
LANCASTER, in her capacity as COMMISSIONER OF
NEW YORK CITY DEPARTMENT of BUILDINGS: NEW
YORK CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT, and SHAUN
DONOVAN, in his capacity as COMMISSIONER OF NEW
YORK CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT; and EMAD
IBRAHEM

*Defendants*

STATE OF NEW YORK          )
                                           )ss:
COUNTY OF NEW YORK     )

Emad Ibrahem, being duly sworn deposes and says as follows:

1.  I am the owner the owner of the building known as and located at 24 West 119th Street, New York, New York since 2004. As such, I am fully familiar with all of the facts and circumstances hereinafter set forth below.

2.  Plaintiff Juana Sierra is an occupant of the single occupancy rooms two and three at 24 West 119th Street, New York, New York. (Herein after, "subject unit"). Plaintiff claims that she moved into the subject unit in 2001.

3. The tenant-of-record for the subject unit is Genaro Mercado. Genaro Mercado no longer resides in the subject unit. Upon information and belief, Genaro Mercado had been arrested for abusing the Plaintiff's older daughter from a prior relationship. Gerardo [*Genaro*] Mercado is the father of the younger child who was born in 2002.

4. Plaintiff Juana Sierra resides in the subject unit with her two minor children, in violation of Housing Maintenance Code Section 27-2076.

5. On or about April 2006, the New York City Department of Buildings issued a violation as a result of the Plaintiff's occupancy of the subject unit in violation of the Housing Maintenance Code.

6. As a result of the Plaintiff's illegal occupancy, I commenced a New York City Housing Court proceeding first in 2005 and then a second case in 2006. Both proceedings were dismissed due to technical and/or procedural deficiencies. The 2005 proceeding was dismissed because there was no violation issued by the city although Plaintiff's occupancy was illegal. The 2006 proceeding was dismissed because my attorneys did not serve a notice to cure.

7. In 2007, I commenced another Housing Court proceeding, **Emad Ibrahem v. Genaro Mercado/John and Jane Doe**, New York Housing Court Index Number 6048/2007 of which is currently pending with an adjourn date of September 24, 2007.

8. My attorneys inform me that Plaintiff's application for preliminary injunction based on an alleged violation of the Fair Housing Action and/or the New York State Human Rights Law is without merit and must be denied. Specifically, my attorneys inform me of the following:

    a. That the Plaintiff has failed to adequately demonstrate that it will suffer irreparable harm and that it will likely succeed on the merits or otherwise raise sufficiently serious questions going to the

merits of the action and that the balance of hardships tip decidedly to the Plaintiff.

b. That the Plaintiff claims that she will suffer imminent and actual harm is countervailed by the Plaintiff's inordinate delay in making the instant application. Indeed, despite the parties being in litigation over the Plaintiff's illegal occupancy since 2005, the Plaintiff only now seeks this Court to grant a preliminary injunction.

c. That the Plaintiff has the ability to raise its defenses and make applications in the pending New York City Housing Court proceeding.

d. That the effect of granting Plaintiff's application would stay the New York City Housing Court proceeding, seemingly in violation of *28 USC Section 2283*.

e. That the Plaintiff will not succeed on the merits or otherwise sufficiently raise substantial questions since the HMC Section 27-2076(b) is rationally related to a legitimate state interest in that it was enacted to protect the safety, health and welfare of vulnerable young children from being reared in unsuitable and inadequate living conditions.

f. That the Plaintiff is exposed to an increase risk to civil liability as a result of the Plaintiff's child being reared in unsuitable and inadequate living conditions.

9. That based on all of the above, the Plaintiff's application for a preliminary injunction must be denied.

Dated: September 5, 2007
New York, New York

_____
Emad Ibrahem

Sworn to before me
this 5 day of September 2007

SETH E. DENENBERG
Notary Public, State of New York
No. 24-4920925
Qualified in Westchester County
Commission Expires Jan. 25, 2010