

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET, Room 5-189
NEW YORK, NY 10007

JERALD HOROWITZ
Senior Counsel

Tel: (212) 442-0589
Fax:(212) 791-9714
email: jhorowit@law.nyc.gov

September 25, 2007

**BY TELECOPY AND ECF**
Hon. Jed S. Rakoff
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  Sierra v. City of New York, et al.,
07 Civ. 6769 (JSR)

Your Honor:

Pursuant to leave granted by this Court on September 17, 2007, the municipal defendants submit this letter brief concerning the applicability of the Anti-Injunction Act (28 U.S.C. § 2283) to plaintiff's pending motion for a preliminary injunction. The present motion seeks an order enjoining the municipal defendants from enforcing Section 27-2076(b) of the New York City Administrative Code, and the defendant landlord Emad Ibrahem from evicting the plaintiff. A holdover proceeding was commenced months before the filing of this action, and is pending. For the reasons set forth below, the injunctive relief requested must be denied.

The Anti-Injunction Act was designed to limit federal court interference in state court proceedings. "The use of such power calls for consideration of the principles of equity, comity and Federalism, upon which the anti-injunction act is based, which require that this power be used sparingly, which is to say only where it is 'absolutely necessary' to stave off the threat of 'irreparable … great and immediate injury' to the exercise of constitutional rights." See Gajon Bar & Grill, Inc. v. Kelley, 508 F.2d 1317, 1319 (2d Cir. 1974). The Anti-Injunction provides for three exceptions, only two of which need be considered: (1) if expressly authorized by Act of Congress or (2) where necessary in aid of its jurisdiction. 28 U.S.C. § 2283. Neither exception applies here.

In this lawsuit, plaintiff seeks to attack a local law which is being enforced against her in a civil action in state court. Plaintiff contends that the local law is facially violative of the federal Fair Housing Act. This claim alone does not authorize the federal court to enjoin state court proceedings. See Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.2d 252, 261 (1st Cir. 1993) ("we are unable to discern any statutory language or legislative history which indicates that Congress expressly excepted Title VIII claims from the operation of the Anti-Injunction Act"); Pieczenik v. TIAA-CREF, 2005 U.S. Dist. LEXIS 4217 (S.D.N.Y. March 18, 2005). Plaintiff has not asserted any other federal claims.

Even if plaintiff's Fair Housing Act claim fell within the exception, her claim does not justify federal intervention "in aid of its jurisdiction," as the Second Circuit in Gajon Bar & Grill, Inc. reasoned. In Gajon Bar & Grill, Inc., the plaintiff commenced an action pursuant to 42 U.S.C. § 1983 challenging a local nude dancing ordinance on First and Fourteenth Amendment grounds, and requested permanent injunctive relief prohibiting local officials from enforcing the ordinance against plaintiff Gajon and continuing a pending prosecution against plaintiff Francione. Applying the principles of Younger v. Harris, 401 U.S. 37 (1971) ("Younger")[1], the Second Circuit overturned the injunctive relief granted because the injury was not "irreparable"; the state court could reach the merits of the federal claim. Gajon Bar & Grill, Inc., 508 F.2d at 1321. Similarly, plaintiff Sierra's injury is not irreparable because the state court can reach the merits of her Fair Housing claim. See N.Y. Real Property Actions and Proceedings L. § 743 ("The answer may contain any legal or equitable defense or counterclaim."); Armstrong v. Real Estate Int'l, Ltd., 2006 U.S. Dist. LEXIS 7630, *12-14 (E.D.N.Y. February 14, 2006) (stay of eviction denied in part because plaintiff had ability to have her federal claims heard in state court, regardless of which state court would have jurisdiction to hear her claims).[2] Plaintiff's "end run" to evade the on-going holdover proceedings in state court cannot be countenanced. As demonstrated in the affidavit of Mario Ferrigno, sworn on August 16, 2007, the municipal defendants have important state interests in

---

[1] "Younger abstention is required when three conditions are met (1) there is an on-going state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of its federal constitutional claims." Diamond "D" Construction Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002).

[2] Plaintiff's reference to Valdez v. Town of Brookhaven, 2005 U.S. Dist. LEXIS 36713 (E.D.N.Y. December 15, 2005) is distinguishable. There, the Court concluded that the third Younger criteria was not satisfied because the plaintiffs did not have adequate opportunity to challenge the peremptory vacate orders being challenged before being displaced from their homes. Here, plaintiff Sierra has ample opportunity to assert the invalidity of the local law as a defense in the pending holdover proceeding. Moreover, the Court in Valdez did not grant all of the relief requested by plaintiffs in the case, noting that "[t]he Court is not a proxy for the Town legislature . . . the Court is loath to interfere with the operations of those individuals enforcing compliance with zoning and safety code." Id., 2005 U.S. Dist LEXIS 36713 at *51.

that proceeding, namely compliance of its housing code, which was enacted for the benefit of the health, safety and well-being of its residents.

For the reasons stated, municipal defendants request that the motion for a preliminary injunction be denied.

Respectfully submitted,

Jerald Horowitz (JH8395)
Assistant Corporation Counsel

To:

Leslie T. Annexstein
Ami T. Sanghvi
Urban Justice Center
123 William Street, 16th Floor
New York, New York 10038

Molly Doherty
Martha Weithman
West Side SRO Law Project
Goddard Riverside Comm. Center
647 Columbus Avenue
New York, New York 10025

Seth Denenberg
Sperber, Denenberg and Kahan, P.C.
48 West 37th Street, 16th Floor
New York, New York 10018