# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
*Index No.: 6769cv07*

---

**JUANA SIERRA**,

*Plaintiff,*

*- against -*

**CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF BUILDINGS and PATRICIA J. LANCASTER, in her capacity as COMMISSIONER OF NEW YORK CITY DEPARTMENT OF BUILDINGS; NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, and SHAUN DONOVAN, in his capacity as COMMISSIONER OF NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT; and EMAD IBRAHEM**,

*Defendants.*

---

# *BRIEF IN FAVOR OF IMPOSING THE ANTI-INJUNCTION STATUTE*

---

***SPERBER DENENBERG & KAHAN, P.C.***

*By: Seth Denenberg, Esq.*
*Attorneys for Defendant - Emad Ibrahem*
*48 West 37th Street, 16th Floor*
*New York, New York  10018*
*Telephone: (917) 351-1335*
*Facsimile: (917) 351-1303*

# *TABLE OF CONTENTS*

***TABLE OF AUTHORITIES*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *ii*

***POINT I***

***THE ANTI-INJUNCTION ACT BARS ENJOINING STATE COURT PROCEEDING BASED UPON A FAIR HOUSING ACT CLAIM*** . . . . . . . . *1-5*

***CONCLUSION*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

# *TABLE OF AUTHORITIES*

1.  ***Chick Kam Choo v. Exxon Corp.*,**
    108 S. Ct. 1684, 1692, 486 U.S. 140, 151, 100 L. Ed.2d 127 (1988) .......... 1

2.  ***County of Imperial v. Munoz*,**
    449 U.S. 54, 58-59, 101 S. Ct. 289, 66 L. Ed.2d 258 (1980) ....................... 2

3.  ***Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*,**
    398 U.S. 281, 287, 90 S. Ct. 1739, 26 L. Ed.2d 234 (1970) ................. 2

4.  ***Pathways Inc. v. Dunne*,**
    329 F.3d 198, 26 N.D.L.R. P. 29 (2nd Cir. Ct. of Appeals 2003) ............ 2

5.  ***Gloucester Marine Rys Corp. Charles Parisi Inc.*,**
    848 F.2d 12, 15 (1st Cir. 1988) ....................................................... 2

6.  ***Casa Marie Inc. v. Superior Court of Puerto Rico for the District of Arecibo*,**
    988 F.2d 252, 1 A.D.D. 710, 1st Cir. Ct. of Appeals (1993) .............. 2, 3

7.  ***Schlagler v. Phillips*,**
    166 F.3d 439 (2nd Cir. 1999) ............................................................... 2

8.  ***David v. ex rel Ohio Legal Services*,**
    2005 WL 3307346 (S.D. Ohio 2005) ..................................................... 3

9.  ***Pathways Inc. v. Dunne*,**
    172 F. Supp.2d 357, 362-63 (D. Conn 2001) ........................................ 3

10. ***Pieczenik v. TIAA-CREF*,**
    2005 WL 637942 (S.D. N.Y. 2005) ....................................................... 4

11. ***Baumgarten v. The County of Suffolk*,**
    2007 WL 1490487 (E.D.N.Y. 2007) .................................................... 4

12. ***Baumgarten v. The County of Suffolk*,**
    2007 WL 1490482 (E.D.N.Y. 2007) .................................................... 4

13. ***Younger*,**
    401 US at 51-52 ..................................................................................... 5

S*TATUTES:*
1.  ***17A Fed. Prac. & Proc. Juris.3d §4222*** ................................................. 1
2.  ***28 U.S.C. Section 2283*** ........................................................................ 1
3.  ***HMC §27-2076(B)*** ................................................................................ 5
4.  ***42 U.S.C.A. §3613*** ............................................................................... 5

## POINT I
## THE ANTI-INJUNCTION ACT BARS ENJOINING STATE COURT
## EVICTION PROCEEDING DUE TO A FAIR HOUSING ACT CLAIM

After some uncertainty, it is now settled that 26 U.S.C.A. §2283 is "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." **17A Fed. Prac. & Proc. Juris.3d §4222.** And even when the power exists to stay state court proceedings, the exercise of that power is discretionary, allowing the federal court to weigh all of the factors for and against issuing a stay. **Chick Kam Choo v. Exxon Corp.,** 108 S. Ct. 1684, 1692, 486 U.S. 140, 151, 100 L. Ed.2d 127 (1988) *("Of course, the fact that an injunction may issue under the Anti-Injunction Act does not mean that it must issue.)* **Chick Kam Choo v. Exxon Corp.,** 108 S. Ct. 1684, 1692, 486 U.S. 140, 151, 100 L. Ed.2d 127 (1988). Finally, the various abstention doctrines may counsel the court to likewise refrain from exercising its power to issue an injunction.

28 U.S.C. Section 2283, otherwise known as the Anti-Injunction Act statute states as follows:

> "A court of the U.S. may not grant an injunction to stay proceedings in state court except as expressly authorized by act of Congress, or where necessary in aid of its jurisdiction or to protect or effectuate its judgment."

An injunction to stay an eviction proceeding premised upon a claim for alleged violations of the Fair Housing Act ("FHA") is not an expressly authorized act by Congress, nor is it necessary to stay the eviction proceeding to aid its jurisdiction or to protect or effectuate its judgment since a judgment has not yet even issued from this court. Plaintiff could have asserted her discrimination claim as a defense and/or counterclaim to the eviction proceeding. She chose not to. Currently the matter is pending before the State Court under a summary judgment motion. It is submitted that at this junction an injunction would fly in the face of 28 U.S.C. Section 2283 and legislative intent of the statute to preserve federalism. A Federal Court cannot ignore the limitations of the Anti-Injunction statute merely because it believes the State Court proceeding interfere with a Federal protected right or invade an area pre-empted by Federal Law. See: **Baumgarten v. The County of Suffolk**, *infra*. Moreover since the statutory prohibition against such injunctions in part rests on the fundamental

constitutional independence of the states and their courts, the exceptions should not be enlarged by loose statutory construction.

The Anti-Injunction Act cited above subject to the exceptions stated therein prohibits injunctive relief that would interfere directly or indirectly with pending state proceedings, **_County of Imperial v. Munoz,_** 449 U.S. 54, 58-59, 101 S. Ct. 289, 66 L. Ed.2d 258 (1980) *(federal court may not effectively enjoin state proceeding by framing injunction as restraint on parties),* or that would "prohibit utilization of the results of a completed state proceeding." **_Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,_** 398 U.S. 281, 287, 90 S. Ct. 1739, 26 L. Ed.2d 234 (1970); **_Pathways Inc. v. Dunne,_** 329 F.3d 198, 26 N.D.L.R. P. 29 (2nd Cir. Ct. of Appeals 2003).

Any doubts as to the propriety of a federal injunction . . . should be resolved in favor of permitting the state courts to proceed, **_Gloucester Marine Rys Corp. Charles Parisi Inc.,_** 848 F.2d 12, 15 (1st Cir. 1988) and the three exceptions enumerated in the Act must be narrowly construed. **_Casa Marie Inc. v. Superior Court of Puerto Rico for the District of Arecibo,_** 988 F.2d 252, 1 A.D.D. 710 (1993).

Procedurally, the right thing to do when Federal Courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions. **_Schlagler v. Phillips,_** 166 F.3d 439 (2nd Cir. 1999).

In **_Casa Marie Inc. v. Superior Court of Puerto Rico for the District of Arecibo,_** 988 F.2d 252 (1993), the Court of Appeals for the First Circuit reversed the decision of the trial court and held that the Anti-Injunction Act barred federal injunctive relief with respect to the Fair Housing Act claims. The court stated:

> "Congress contemplated concurrent state-federal court jurisdiction over Title VIII claims. *(citation omitted)* Without more, the vesting of concurrent jurisdiction would seem to imply a vote of confidence in the integrity and competence of state courts to adjudicate Title VIII claims. Significantly, unlike the situation in **_Mitchum,_** appellees cite no legislative history intimating that Congressional mistrust of state courts figured however slightly in the enactment of Title VIII."

In addition to ruling that the Anti-Injunction Act barred Plaintiff's claims, the First Circuit also ruled that the claims were barred by the **_Younger_** abstention doctrine. The court stated:

> "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see: **U.S. Const. Art. VI**, supra,* are fully competent to adjudicate federal, constitutional and statutory claims properly presented by the parties . . ."[1]

The Court in **David v. ex rel Ohio Legal Services**, 2005 WL 3307346 (S.D. Ohio 2005) followed the holding by the Court of Appeals for the First Circuit in the **Casa Marie** decision, *supra,* wherein a minor represented, who suffers from Attention Deficit Hyperactivity Disorder attempted to effectively enjoin a county proceeding with respect to the minor, a disabled person from maintaining a pygmy goat. In finding the Anti-Injunction Act bars the Federal Court from entering an injunction, the court held:

> "The Appellate Court found no express exception in the statute and no indication in the legislative history that Congress intended an exception to the Anti-Injunction Act. *See: **Id.*** The courts in the two **Oxford Houses** cases engaged in no independent analysis and relied exclusively upon the District Court in the **Casa Marie** case.[2] No other authority identified by Plaintiff or uncovered by the Court supports Plaintiff's position that the Fair Housing Amendments Act includes an exception to the Anti-Injunction Act. Accordingly, the Court is persuaded that it is prohibited from entering an injunction that would effectively stay the proceeding in Clermont County."

The **Casa Marie** decision was likewise adopted by Judge Droney in **Pathways Inc. v. Dunne**, 172 F. Supp.2d 357, 362-63 (*D. Conn* 2001), affirmed in part and vacated in part because the state court proceeding was later concluded, 329 F.3d 108 (2nd Cir. 2003).

In following the **Casa Marie** decision, the Southern District of New York District Court recently in 2005 held that it should not suspend or stay any eviction or hold over proceedings premised upon a claim under the Fair Housing Act, in that the Anti-Injunction Act provides that "[a] court of the United States may not grant an

---

[1] *In accordance with the **Younger** abstention doctrine, federal court abstentions from considering claims for relief when state proceedings are pending, the state proceedings involve an important state interest, and the state will afford the plaintiff an adequate opportunity to raise his constitutional claims. **Younger v. Harris**, 401 U.S. 37 (1971).*

[2] *Reversed.*

w:\selena\jacqui\appeals\ibrahem.brief(south-dist)

injunction to stay proceedings in State Court except as expressly authorized by Act of Congress." ***Pieczenik v. TIAA-CREF,*** 2005 WL 637942 (S.D. N.Y. 2005).

Even more recent than the ***Pieczenik v. TIAA-CREF*** decision in New York District Courts is the case of ***Baumgarten v. The County of Suffolk,*** 2007 WL 1490487, wherein the Magistrate Judge recommended to the District Judge that a preliminary injunction be denied to bar an eviction proceeding already in progress. Therein the report explained that "none of the exceptions to the Anti-Injunction Act apply."

> The Anti-Injunction Act provides that "a court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  Under the Anti-Injunction Act, federal courts are barred from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. §2283.  This Act presents an "absolute ban on enjoining any state court proceeding, unless the facts of the case bring the matter within one of three narrowly construed exceptions" namely where expressly authorized by Act of Congress, where necessary in aid of the Court's jurisdiction, or to protect or effectuate its judgments. ***Bess v. Spitzer,*** 459 F. Supp.2d 191, 201 (E.D.N.Y. 2007) (citing: ***Vendo Co. v. Letkro-Vend Corp.,*** 433 U.S. 623, 630, 97 S.Ct. 2881, 2887, 53 L. Ed.2d 1009 (1977); ***Mitchum v. Foster,*** 407 U.S. 225, 228-29, 92 S.Ct. 2151, 2154-56, 32 L. Ed.2d 705 (1972)).  The purpose of the Anti-Injunction Act "is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court." ***Vendo Co.,*** 433 U.S. at 630.  In discussing the Anti-Injunction Act, the Supreme Court has held that:
> A federal court does not have inherent power to ignore the limitations of §2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area pre-empted by federal law, even when the interference is unmistakably clear.  Rather, when a state proceeding presents a federal issue, even a preemption issue, the proper course is to seek resolution of that issue by the state court.
> ***Chick Kam Choo v. Exxon Corp.,*** 486 U.S. 140, 150-50, 108 S.Ct. 1684, 1691, 100 L. Ed.2d 127 (1988)."

The report was ultimately adopted by the District Court wherein the Federal Court denied Plaintiff's motion for a preliminary injunction. ***Baumgarten v. The County of Suffolk*** 2007 WL 1490482 (E.D.N.Y.)

Eloquently explained by the various presiding judges, the Anti-Injunction Act presents an absolute bar to enjoining State court proceedings unless expressly authorized, and where there is no express authorization as there is none for the Fair Housing Act, the Federal Court, even when a preemption issue arises should refrain from issuing an injunction. The proper course is to seek resolution of that issue by the State court.

Nonetheless, even if this court found that the Anti-Injunction statute did not act as a bar to the Fair Housing Act, under the facts of this case, an injunction cannot issue since the Plaintiff's claim is time barred. Within paragraph "22" of the Complaint, Plaintiff acknowledges that Defendant first commenced a holdover for having children between the ages of 1-16 living in the building in violation of HMC §27-2076(B). Under 42 U.S.C.A. §3613, enforcement for alleged discriminatory housing practice is two (2) years after the occurrence. The Plaintiff's waited until after the witching hour to commence this suit only to delay an eviction for a violation of a State law that the State maintains a legitimate interest to enforce with health and safety purposes. "The chilling effect . . . does not in itself justify prohibiting the State from carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the constitution." **_Schlagler v. Phillips_**, *supra* citing: **_Younger_**, 401 US at 51-52. As such, this action is time barred, and an injunction should not issue.

### **_CONCLUSION_**

Based upon the foregoing, an injunction should not be issued.

Dated:   New York, New York
         September 25, 2007

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                            )ss.:
COUNTY OF NEW YORK  )

      **BEATRIZ CRUZ,** being duly sworn, deposes and says:

      1.    Deponent is not a party to the action, is over 18 years of age and is employed by **Sperber Denenberg & Kahan, P.C., 48 West 37th Street, 16th Floor, New York, New York 10018**.

      2.    On **September 26, 2007,** deponent served a true copy of the **Brief in Favor of Imposing the Anti-Injunction Statute,** upon the party(ies) whose name(s) and address(es) is(are) listed below as follows:

**THE URBAN JUSTICE CENTER**
*Homelessness Outreach and Prevention Project*
*Leslie T. Annexstein (LA 0430)*
*Ami T. Sanghvi (AS 5128)*
*123 William Street, 16th Floor*
*New York, New York 10038*

***WEST SIDE SRO LAW PROJECT***
*Goodard Riverside Community Center*
*Molly Doherty (MD 2044)*
*Martha Weithman (MW 3333)*
*647 Columbus Avenue*
*New York, New York 10025*

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attn: Jerald Horowitz, Esq.*
*100 Church Street*
*New York, New York 10007*

*via* **Regular First Class Mail** by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York.

                                                **BEATRIZ CRUZ**

*Sworn to before me this*
***26th** day of **September 2007***.

_____
**NOTARY PUBLIC**

w:\selena\jacqui\appeals\ibrahem.brief(south-dist)