UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JUANA SIERRA,                                               07 Civ. _____ 6769 _ (JSR)

                                    *Plaintiff,*

                    - against -

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF BUILDINGS, and PATRICIA
J. LANCASTER, in her capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF BUILDINGS; NEW
YORK CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT, and
SHAUN DONOVAN, in his capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION
AND DEVELOPMENT; and EMAD IBRAHEM.

                                    *Defendants.*

-----------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW REGARDING THE ANTI-INJUNCTION ACT

THE URBAN JUSTICE CENTER
Homelessness Outreach and
Prevention Project
Leslie T. Annexstein (LA 0430)
Ami T. Sanghvi (AS 5128)
123 William Street, 16th Floor
New York, New York 10038
Tel. (646) 602-5643

WEST SIDE SRO LAW PROJECT
Goddard Riverside Comm. Center
Molly Doherty (MD 2044)
Martha Weithman (MW 3333)
647 Columbus Avenue
New York, New York 10025
Tel. (212) 799-9638

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT..............................................................................................................1

    I.    The Anti-Injunction Act is not a bar to this court granting
        the preliminary injunction........................................................1

        a.    The Fair Housing Act is "expressly authorized" by
            Congress to permissibly enjoin state proceedings ...................1

        b.    The Fair Housing Act falls within the second
            exception and is "necessary in aid of" the federal
            court's jurisdiction ........................................................5

    II.    Plaintiff Sierra will suffer irreparable injury if enforcement
        of the facially discriminatory provision is not enjoined and
        the state court proceeding cannot adequately protect her
        interests. ........................................................................8

    III.    There are no other applicable jurisdictional challenges that
        Defendants may successfully argue to this Court............................9

CONCLUSION...............................................................................................10

i

## PRELIMINARY STATEMENT

Plaintiff Sierra brings this federal action to challenge a facially discriminatory provision of the New York City (NYC) Housing Maintenance Code (HMC). Plaintiff has demonstrated a likelihood of success on the merits and absent a preliminary injunction, Plaintiff Sierra may be evicted and suffer irreparable harm while no harm will come to Defendants if the preliminary injunction is ordered. Importantly, a preliminary injunction order will afford Plaintiff Sierra the opportunity to fully vindicate her rights and remedies under the Fair Housing Act and the New York State Human Rights Law, an opportunity not available to her in the state court proceeding.

## I.    The Anti-Injunction Act is not a bar to this Court granting the preliminary injunction

The Anti-Injunction Act provides that "a court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (2007). Despite the required narrow interpretation of the exceptions to the Anti-Injunction Act, Plaintiff Sierra's request for a preliminary injunction falls squarely within two of the exceptions. *See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). Hence an injunction will not offend the principle of comity and will not result in friction between state and federal courts. *See Amalgamated Clothing Workers of Am. v. Richman Bros.*, 348 U.S. 511, 514-516 (1955).

### a.    The Fair Housing Act is "expressly authorized" by Congress to permissibly enjoin state proceedings.

The first exception to the Anti-Injunction Act is that federal courts may enjoin state court proceedings "as expressly authorized by Act of Congress." 28 U.S.C. § 2283. Although the Fair Housing Act does not specifically refer to the Anti-Injunction Act, the Supreme Court has found

1

that there is no requirement that the Congressional act make specific reference to the Anti-Injunction Act to fall under the "expressly authorized by Act of Congress" exception. *See Amalgamated Clothing Workers*, 348 U.S. at 516.

The Supreme Court has set forth the test for determining whether a statute falls within this first exception of the Anti-Injunction Act. *Mitchum v. Foster*, 407 U.S. 225 (1972)(finding that the Civil Rights Act falls within the first exception of the Anti-Injunction Act). In *Mitchum*, the Court found that the test is "whether an Act of Congress, clearly creating a federal right or remedy enforceable in a federal court of equity, could be given its intended scope only by the stay of a state court proceeding." *Id*. at 237. The Fair Housing Act was created and subsequently amended to protect against discrimination in housing. The Fair Housing Act provides that the chief responsibility for enforcement lies with the Secretary of Housing and Urban Development (HUD) and allows individuals to file discrimination complaints with the federal agency to bring an action in federal court. This, among other protections in the statute, demonstrates that Congress created a uniquely federal right and remedy in the Fair Housing Act which is enforceable in a federal court of equity. As discussed below, Plaintiff Sierra cannot bring her challenge that the HMC provision is facially discriminatory in NYC Housing Court.

Courts have struggled to interpret which acts of Congress fall within the "expressly authorized" exception. *See e.g. Martin v. Constance*, 843 F.Supp. 1321, 1323 n.1 (E.D. Mo. 1994)(finding the Fair Housing Act to be "expressly authorized"); *but see Casa Marie Inc. v. Superior Court of P.R.*, 988 F.2d 252, 262 (1st Cir. 1993)(finding that appellees did not

2

demonstrate that the plain language or the legislative history express y authorizes a federal court to enjoin a state court proceeding). The Second Circuit has not yet ruled on this issue.[1]

*Casa Marie* is distinguishable from the instant case because t ne state court had already issued multiple orders and an appeal had been denied. *Casa Marie I ic.*, 988 F.2d at 255 – 58. Despite this, Casa Marie owners continued unauthorized operations 'vhich resulted in the state court issuing a civil contempt decree ordering arrest and imprisonme it if the Casa Marie owners did not comply with the final judgment. *Id.* at 257. In response, Cas a Marie filed a federal action claiming discrimination in violation of the Equal Protection C ause and Title VIII. *Id.* at 258. The district court permanently enjoined the enforcement of the state court's final judgment after finding that the Civil Rights Act and the Fair Housing Act had not been violated. *See Casa Marie Inc. v. Superior Court of P.R.*, 752 F. Supp. 1152 (P.R.D. 199 )). On appeal, the First Circuit found that there was no violation of the Civil Rights Act and hat the Fair Housing Act was not exempt from the scope of the Anti-Injunction Act. *Casa Marie*, 988 F.2d 252.

In the instant case, Plaintiff Sierra is asking this Court to enjc in the enforcement of a facially discriminatory provision of the HMC. First, Plaintiff Sierra brought this action in federal court well before the issuance of any final decisions in NYC Housing Court. Conversely,

---

[1] The district court of Connecticut has supported the First Circuit's *Casa Marie* ruling. *See Pathways, Inc. v. Dunne*, 172 F.Supp.2d 357, 362 – 63 (D.Conn. 20C 1)(denying injunctive relief based on a finding without any further analysis that the ruling in *Cas i Marie* was persuasive and should be adopted) affirmed in part and vacated in part because the s ate court proceeding had already concluded, so the Anti-Injunction Act claim was considered noot, *Pathways v. Dunne*, 329 F.3d 108, 114 (2d Cir. 2003). Therefore, despite this decision, the Second Circuit has yet to analyze or decide whether the Fair Housing Act falls within the exce ptions to the Anti-Injunction Act. *See also Pieczenik v. TIAA-CREF*, 2005 U.S. Dist. LEXIS 421 (S.D.N.Y. March 17, 2005)(Magistrate Eaton)(proceedings were later stayed by the partie: agreeing to a Stipulation and Order dated June 20, 2005); *Baumgarten v. Suffolk County Dep' of Soc. Servs.*, 2007 U.S. Dist. LEXIS 39229 (E.D.N.Y. Feb. 20, 2007)(denying Plaintiff's pro se motion for preliminary injunctive relief barring her eviction and directing Defendants' payn ent of relocation costs. The court reasoned that Plaintiff was not seeking an equitable remedy the t was uniquely enforceable in federal court and therefore did not satisfy the first exception to the Anti-Injunction Act).

3

in *Casa Marie*, there had been a full adjudication by the state court, an appeal, and a contempt order issued in state court prior to the Fair Housing Act claim being filed in federal court. Second, in *Casa Marie*, the First Circuit inherently disagreed with the ultimate finding of discrimination; in this case, Plaintiff Sierra has demonstrated a likelihood of success on the merits based on the facially discriminatory provision. Third, the district court in *Casa Marie* issued a permanent injunction while in the instant case Plaintiff Sierra is requesting a preliminary injunction pending full adjudication of the claims. Thus, a grant of a preliminary injunction does not frustrate various levels of already adjudicated issues and ensures that Plaintiff Sierra is not evicted while this Court determines whether the HMC provision violates the Fair Housing Act.

Additionally, in *Casa Marie*, the court found that because Congress allowed for concurrent state-federal court jurisdiction in the Fair Housing Act, it signified a "vote of confidence in the integrity and competence of state courts to adjudicate Title VIII claims." *See Casa Marie*, 843 F.2d at 262; *see also* 42 U.S.C. § 3613(a)(1)(A). Yet, the claims brought forth in this action will not be fully adjudicated in NYC Housing Court. The Housing Court of the New York State Civil Court was established in 1974 by New York City Civil Court Act § 110 for the purpose of enforcing state and local laws governing landlord-tenant matters. City Civ. Ct. Act § 110 (2007). The Housing Court only has jurisdiction to enter injunctive relief in proceedings to enforce the housing and building code as it relates to housing standards. City Civ. Ct. Act § 110(a) (2007). In all other matters, the Civil Court does not have jurisdiction to issue injunctions. *See North Waterside Redevelopment Co., L.P. v. Febbraro*, 682 N.Y.S.2d 202 (1st Dep't 1998); *Hotel New Yorker Pharmacy, Inc. v. New Yorker Hotel Corp.*, 338 N.Y.S.2d 697 (1st Dep't 1972). As a result, Plaintiff Sierra cannot challenge the facially discriminatory HMC provision and seek injunctive relief against City Defendants in NYC Housing Court.

4

Thus, while Plaintiff Sierra may be able to raise an affirmative defense of discrimination in the pending state court proceedings, the state court may not issue injunctive relief.

The limitations of the state court's jurisdiction to fully hear the discrimination claims frustrate the intent and the rights and remedies afforded by the Fair Housing Act if the federal court was not permitted to enjoin a state court proceeding. Hence, a federal right or remedy could be frustrated if the federal court was not permitted to enjoin the state court proceeding. *See Mitchum*, 402 U.S. 225. Thus, this Court should not follow the First Circuit's decision in *Casa Marie* and should determine that the Fair Housing Act in an "expressly authorized" exception to the Anti-Injunction Act.

### b. The Fair Housing Act falls within the second exception and is "necessary in aid of" the federal court's jurisdiction.

The Anti-Injunction Act permits federal courts to enjoin state court proceedings when it is "necessary in aid of" the federal court's jurisdiction. A federal court may issue an injunction in aid of its jurisdiction if that injunction is necessary to prevent a state court from seriously interfering with a federal court's consideration or disposition of a case. In evaluating the applicability of the Anti-Injunction Act, the Supreme Court found the "necessary in aid of" language to imply that "some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line*, 389 U.S. at 295. In interpreting this exemption, the Supreme Court has examined whether the state court has concurrent jurisdiction over the federal matter. *Id*.

First, as explained above, Plaintiff Sierra is procedurally limited in raising federal discrimination claims and challenging the facially discriminatory HMC provision as in violation of the Fair Housing Act and the New York State Human Rights Law in NYC Housing Court. As

5

a result, the state court could make a determination without fully considering the discrimination claims, thereby interfering with this Court's final adjudication of the issues.

Second, the courts have supported the notion that the New York City civil courts are limited by their nature and scope to hear federal discrimination claims. *See Tellock v. Davis*, 2002 U.S. Dist. LEXIS 20917 (E.D.N.Y. 2002) (finding that Plaintiff failed to meet the standard for preliminary injunction but that the Anti-Injunction Act did not apply because the federal racial discrimination claims cannot be brought in the Civil Court proceeding), *aff'd*, 2003 U.S. App. LEXIS 24242 (2d Cir. 2003)(affirming the district court's decision to deny the preliminary injunction because the Plaintiff failed to establish both a likelihood of success on the merits of his discrimination claims and irreparable injury but remaining silent on whether the Anti-Injunction Act was a bar to granting the injunction at all); *see also Sn alkowski v. Vernon*, 2001 N.Y. Misc. LEXIS 456, No. 80162/00 (Civ. Ct. N.Y. Cty. 2001)(severing federal race and disability discrimination counterclaims in holdover proceeding); *Cani glia v. Perez*, N.Y.L.J. 12/15/99, p. 31, col. 1 (Civ. Ct. Queens Cty.)(civil court is not correct forum to hear discrimination claim); *Committed Community Associates v. Croswell*, 171 Misc.2d 340, 343 (N.Y. Sup. Ct. 1997) *aff'd* by *Committed Comty. Assocs. v. Croswell*, 250 A.D.2d 845 (1st Dep't 1998); *but see 170 W. 85 St. HDFC v. Jones* NYLJ 3/18/98, p. 29, col 6 (Civ. Ct. N.Y. Cty.)(civil court is proper forum to hear discrimination claim).

Third, where pending eviction proceedings are an inadequate forum to address federal housing rights, an injunction is essential to allow the court to accord meaningful relief to the parties. *See.McNeill v. New York City Hous. Auth.*, 719 F.Supp. 233, 256 (S.D.N.Y. 1989)(finding that "under the exceptions to the doctrine of *Younger* abstention and the Anti-

Injunction Act, the Court may stay housing court proceedings until the validity of the termination of plaintiffs' assistance [Section 8] can be decided").

Finally, Plaintiff Sierra's inability to assert her discrimination claims in the eviction proceeding demonstrates that a federal injunction is "necessary in aid of its jurisdiction" to protect against housing discrimination and possible eviction. *See Lattimore v. Northwest Cooperative Homes Ass'n*, No. 90-0049, 1990 U.S. Dist. LEXIS 328: at *13-14 (D.D.C. Mar. 26, 1990)(granting an injunction of an eviction proceeding because the plaintiff-tenant was only allowed counterclaims for monetary judgment and was unable to assert her housing rights for Section 8 assistance). The court in *Lattimore* found that "if the eviction is allowed to proceed, the rights to the premises will be adjudicated by the Superior Court, and [the federal district court] will be bound to adhere to that decision, even though [the state court] was not able to consider what seems to be the heart of plaintiff's case." *Id.* at 14. Similarly, in this instance, if the pending eviction proceedings in state court are permitted to go forward, Plaintiff Sierra may be evicted and the discrimination claims, which go to the heart of her case and cannot be fully raised in the state court, will be significantly undermined.

Recently, the Eastern District of New York adopted the rationale in *Lattimore* regarding the "necessary in aid of jurisdiction" exemption but decided not to stay an eviction proceeding because the Court found the facts to be distinguishable. *See Armstrong v. Real Estate International Ltd.*, 2006 U.S. Dist. LEXIS 7630 at *10-15 (E.D.N.Y. Feb. 14, 2006). In evaluating the applicability of the exemption to the Anti-Injunction Act, the Court determined that there were two key factors present in *Lattimore*: (1) the D.C. Superior Court had not yet concluded who was legally entitled to the property at issue; and (2) the plaintiff in that case was not permitted to raise her federal claims in D.C. Superior Court as part of the eviction

7

proceeding. *See Armstrong*, 2006 U.S. Dist. LEXIS 7630, at *12; *se ' also Baumgarten*, 2007

U.S. Dist. 39229, at *27 (finding that Anti-Injunction Act barred the Court from disturbing a

Warrant of Eviction and Judgment of Possession already obtained ag inst the Plaintiff). The

facts in Plaintiff Sierra's case more closely resemble the *Lattimore* fa cts than those present in

*Armstrong* or *Baumgarten*. The NYC Housing Court has not yet made any significant

determinations other than dismissing a recent motion for summary ju Igment by Defendant

Ibrahem.[2] Additionally, Plaintiff Sierra's ability to fully address the liscrimination claims in

Housing Court is significantly impaired and further establishes that a injunction is "necessary in

aid of its jurisdiction" to protect against housing discrimination.

> **II.     Plaintiff Sierra will suffer irreparable injury if enforcement of the
> facially discriminatory provision is not enjoin d and her interests
> cannot be adequately protected in the state co urt proceedings.**

Plaintiff Sierra has also shown equitable entitlement to an inju nction. *See Mitchum v.*

*Foster*, 407 U.S. at 245. The Supreme Court has stated that district c urts should consider

principles of equity, comity, and federalism when determining wheth r to grant an injunction.

*Id*. Plaintiff Sierra has demonstrated to this Court a likelihood of suc ess on the merits. *See*

Plaintiff's Memoranda of Law in Support of Preliminary Injunction. Plaintiff Sierra cannot

adequately and completely raise the issues of the discriminatory prov sion in NYC Housing

Court. Additionally, because the NYC Housing Court can only grant monetary damages, her

right to an equitable remedy under the Fair Housing Act would be los if the federal court were

not able to enjoin the state court proceedings. *See* City Civ. Ct. Act § 208(b).

Absent an injunction, Plaintiff Sierra can be evicted which will cause her irreparable

harm and will prohibit this Court from deciding this important issue. *See Younger v. Harris*, 401

---

[2] Defendant Ibrahem recently filed a second Motion for Summary Juc gment which is scheduled
for oral argument on October 26, 2007.

U.S. 37 (1971)(finding that before a District Court exercises its equitable power to enjoin the state proceeding, it must find the plaintiff threatened with great and immediate irreparable injury that cannot be eliminated by a defense to the state proceeding); *see contra Gajon Bar and Grill, Inc. v. Kelly*, 508 F.2d 1317, 1320 (2d Cir. 1974)(holding that the federal intervention was not absolutely necessary for the protection of constitutional rights on the rationale that the injury to the plaintiffs' free exercise of the constitutional right was not irreparable). Here, Plaintiff Sierra has demonstrated irreparable harm and the likelihood of success on the merits and therefore injunctive relief is warranted and necessary.

In order to give effect to the purpose and importance of an antidiscrimination statute such as the Fair Housing Act, this Court must stay enforcement of the discriminatory provision in order to more fully hear the case. Plaintiff Sierra is not asking this Court to re-litigate an issue already decided by the state court, but rather to allow for a full exploration of the pertinent issues. Therefore, a preliminary injunction does not offend any notions of federalism or comity.

### III.     There are no other applicable jurisdictional challenges that Defendants may successfully argue to this Court.

In the event that Defendants raise the "Younger abstention" Plaintiffs seek to briefly address the issue as it is inapplicable in this instance. Under the Younger abstention doctrine, federal courts should not enjoin state court proceedings where federal claims could have been, or were, raised in the state court proceeding. *See Younger v. Harris*, 401 U.S. 37, 49 (1971); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S.,423, 432 (1982); *Hirschner v. Klemons*, 225 F.3d 227, 233 (2d Cir. 2000); *Tellock v. Davis*, 2002 U.S. Dist. LEXIS 20917 (E.D.N.Y. 2002), *aff'd*, 2003 U.S. App. LEXIS 24242 (2d Cir. 2003). A Younger abstention is required when three factors are present: ". . .(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state

proceeding affords the federal plaintiff an adequate opportunity for judicial review . . ." *See Diamond "D" Construction Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

The Younger abstention doctrine does not apply here because Plaintiff Sierra's federal claims cannot be presented in the pending state proceedings. *See id.*: see also *McNeill*, 719 F.Supp. at 255; *Tellock*, 2002 U.S. Dist. LEXIS 20917, 9-10. As stated above, NYC Housing Court may not enjoin the City Defendant from issuing violations and enforcing HMC § 27-2076. Additionally, although there is a state interest implicated in this case - the legality of a HMC provision - City Defendants are not a party to the NYC Housing Court proceedings and therefore the interests are in fact more protected through adjudication in this action.

## CONCLUSION

For the reasons set forth above, Plaintiff Sierra respectfully requests that this Court issue a preliminary injunction enjoining Defendants from enforcing the facially discriminatory HMC provision and from proceeding with further attempts to evict Plaintiff Sierra. The Anti-Injunction Act is not a bar to granting this relief and should not be allowed to shield government policies and laws that discriminate against a protected group in violation of the Fair Housing Act and the Human Rights Law from adjudication when state court proceedings with limited jurisdiction cannot fully adjudicate such claims.

Dated: September 26, 2007
    New York, NY                                     Respectfully Submitted,

                                                     *Ami T. Sanghvi*
                                                     BY: AMI T. SANGHVI