```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JUANA SIERRA,                         :
                                      :
            Plaintiff,                :
                                      :
      -v-                             :    07 Civ. 6769 (JSR)
                                      :
CITY OF NEW YORK; NEW YORK CITY       :         ORDER
DEPARTMENT OF BUILDINGS, and PATRICIA :
J. LANCASTER, in her capacity as      :
COMMISSIONER OF NEW YORK CITY         :
DEPARTMENT OF BUILDINGS; NEW YORK     :
CITY DEPARTMENT OF HOUSING            :
PRESERVATION AND DEVELOPMENT, and     :
SHAUN DONOVAN, in his capacity as     :
COMMISSIONER OF NEW YORK CITY         :
DEPARTMENT OF HOUSING AND             :
DEVELOPMENT; and EMAD IBRAHEM,        :
                                      :
            Defendants.               :
------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-6-07

JED S. RAKOFF, U.S.D.J.

Plaintiff Juana Sierra has moved for a preliminary and permanent injunction, declaratory judgment, and damages for defendants' alleged violations of the Fair Housing Act and the New York State Human Rights Law. In opposition to that motion, defendant Emad Ibrahem argued, <u>inter alia</u>, that the Anti-Injunction Act, 28 U.S.C. § 2283, barred the relief sought. Since that objection also had potential applicability to the remaining defendants, the Court requested further briefing from the parties on that issue.

Having now received the supplemental briefing, the Court, as it has already informed the parties orally, rules that the Anti-Injunction Act bars all of plaintiff's requests for relief from defendant Ibrahem except her request for damages. Plaintiff's requests for relief from the remaining defendants (the "City

defendants"), however, are not barred by the Anti-Injunction Act, nor need the Court abstain from entertaining them under Younger v. Harris, 401 U.S. 37 (1971). An opinion setting forth the reasons for these rulings will follow in due course.

The Court therefore will shortly turn to the merits of the plaintiff's request for preliminary injunctive relief against the City defendants, which was previously briefed and argued. However, in light of a putative settlement between plaintiff and Ibrahem, the City defendants have indicated that they may move this Court to stay the proceedings and/or to dismiss the remaining claims for lack of standing. All of this will be further discussed at the in-court conference already scheduled for 5:00 pm today.

SO ORDERED.

Dated: New York, NY
      December 6, 2007

_____
JED S. RAKOFF, U.S.D.J.