Index No. 07 CV 6769 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANA SIERRA,

              Plaintiff,

- against -

THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF BUILDINGS; PATRICIA J. LANCASTER, in her capacity as COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF BUILDINGS; NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT; SHAUN DONOVAN, in his capacity as COMMISSIONER OF NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT; and EMAD IBRAHEM,

              Defendants.

## CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Jerald Horowitz*
*Tel: (212) 442-0589*
*NYCLIS No. 2007-023070*

GABRIEL TAUSSIG,
JERALD HOROWITZ,
 Of Counsel.

December 6, 2007

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ........................................................................................................................ 2

        A. The Application of the Mootness Doctrine to the Facts at Bar .............................................................................. 3

CONCLUSION ..................................................................................................................... 5

| **Cases** | **Pages** |
|---|---|
| 78 F. Supp. 2d 172 (S.D.N.Y. 1999) | 3, 4 |
| Viacom International, Inc. v. Kearney, | |
| 212 F.3d 721 (2d Cir. 2000) | 4 |

**Statutes**                                                                                                                    **Pages**

Fed. R. Civ. P. Rule 12(b)..............................................................................................................1

Fed. R. Civ. P. Rule 19 ................................................................................................................4

New York City Administrative Code § 27-2076(b) ........................................................1, 2, 3, 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JUANA SIERRA,

                                   Plaintiff,

                 -against-

THE CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF BUILDINGS; PATRICIA J.
LANCASTER, in her capacity as COMMISSIONER OF
THE NEW YORK CITY DEPARTMENT OF
BUILDINGS; NEW YORK CITY DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT;
SHAUN DONOVAN, in his capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION AND
DEVELOPMENT; and EMAD IBRAHEM,

                                   Defendants.

------------------------------------------------------------------ x

No. 07 CV 6769 (JSR)

## CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Defendants the City of New York ("the City"), the New York City Department of Buildings ("DOB"), Patricia J. Lancaster, in her capacity as Commissioner of DOB, the New York City Department of Housing Preservation and Development ("HPD"), and Shaun Donovan, in his capacity as Commissioner of HPD (hereinafter "City Defendants"), submit this memorandum of law in support of defendants' motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

The plaintiff in this action is alleged to be a tenant living with two children, ages 5 and 15, in a rooming unit located at 24 West 119th Street in Manhattan ("the premises"). See Compl. ¶ 19. In her complaint, plaintiff makes a facial challenge to Section 27-2076(b) of the

City's Housing Maintenance Code ("the Housing Code"), which restricts children under the age of sixteen from living in a rooming unit operated for profit, as a violation of the Fair Housing Act. A second claim brought under New York City Human Rights Law appears to be brought solely against the defendant landlord, Emad Ibrahem.

Shortly after the filing of the complaint, the plaintiff moved for a preliminary injunction and temporary restraining order that among other things, sought to bar the City Defendants from enforcing Housing Code Section 27-2076(b). The motions were fully submitted on September 26, 2007. No decision has been rendered.

Based on an agreement signed by the plaintiff on or about November 17, 2007, the plaintiff no longer occupies the two rooming units with her five year old son and fifteen year old daughter, as alleged in the complaint. See Declaration of Jerald Horowitz, dated December 6, 2007 ("Horowitz Decl."), ¶ 4, Exh. A. In this agreement with the landlord, denominated Release Form, plaintiff agreed to surrender her rights to the subject premises in exchange for the sum of $19,000. Significantly, the plaintiff also agreed, among other things, "[t]o drop the federal lawsuit, Index No, 6769cv07, naming Mr. Emad Ibrahem as a defendant." See Horowitz Decl., ¶ 5, Exh. A. A letter sent by defendant landlord's counsel Seth Denenberg, dated November 27, 2007, confirmed that the plaintiff surrendered possession of the premises and received a substantial payment in return for doing so. See Horowitz Decl., ¶ 6, Exh. B.

As demonstrated herein and in the accompanying Horowitz Decl., there is no longer any case or controversy, and the action should be dismissed.

## ARGUMENT

Pursuant to Article III of the United States Constitution, a dispute before the court "must be real and live, not feigned, academic, or conjectural." Russman v. Board of Education, 260 F.3d 114 (2d Cir. 2001) ("if the dispute should dissolve at any time due to a change in

2

circumstances, the case becomes moot.") (citing Defunis v. Odegaard, 416 U.S. 312, 316-17 (1974). "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." Stewart v. Nynex Corporation, 78 F. Supp. 2d 172, 180 (S.D.N.Y. 1999). The dispute must exist at all stages of review. Golden v. Zwickler, 394 U.S. 103, 108 (1969); Spencer v. Kemna, 523 U.S. 1 (1998); Muhammad v. City of New York Dep't of Corrections, 126 F.3d 119, 123 (2d Cir. 1997).

The Supreme Court has recognized an exception where the dispute is "capable of repetition, yet evading review." S. Pacific Terminal Co. v. ICC, 219 U.S. 498 (1911); Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 546 (1976). However, a merely speculative possibility of future harm is insufficient to qualify under that standard. Stewart v. Nynex Corporation, supra, 78 F. Supp. 2d at 180 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

In the context of a declaratory judgment action, the Supreme Court explained that "basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Penguin Books USA Inc. v. Walsh, 929 F.2d 69, 72 (2d Cir. 1991) (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).

A.  **The Application of the Mootness Doctrine to the Facts at Bar**

Plaintiff's claims in the instant complaint are now moot. In her complaint, plaintiff seeks declaratory and injunctive relief to bar the City from taking administrative action against her family's occupancy of the two rooming units pursuant to Housing Code Section 27-2076(b), which restricts children under the age of sixteen from living in a rooming unit operated for profit. However, plaintiff's surrender of occupancy rights to these rooming units renders her

3

claims academic. With her written agreement to surrender and vacate the premises (see Horowitz Decl., ¶ 2), plaintiff no longer has an interest of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Penguin Books USA Inc., supra, 929 F.2d at 72 (publication of book mooted out declaratory relief on First Amendment claim). That is, plaintiff no longer has any future interests in her occupancy in the subject rooming units. See Complaint, ¶ 19. With no rooming units at issue, plaintiff's need to restrain the City Defendants from enforcing Housing Code Section 2076(b) is moot.

Plaintiff's challenge to Housing Code Section 2076(b) is not "capable of repetition, yet evading review" -- as the possibility of future harm is most speculative. See Stewart v. Nynex Corporation, supra, 78 F. Supp. 2d at 180. Plaintiff surrendered her occupancy rights and vacated the rooming units which are subject to the challenged regulation. See Nieves v. Russell, 498 F.2d 802, 814-815 (2d Cir. 1974) (action brought by inmates in the Attica disturbances of 1971 were dismissed as moot even though challenged policy remained in effect because those plaintiffs were no longer subject of challenged disciplinary proceedings). Thus, the complaint must be dismissed because the plaintiff has no standing; she no longer has a "'personal stake in the outcome'" of the lawsuit. See Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)).

In the event the landlord is dismissed as a party, plaintiffs' claims must be also be dismissed because of a failure to join a necessary party. See Fed. R. Civ. P. Rule 19. Courts generally follow a two-step analysis for determining whether to dismiss an action for failure to join a necessary party. First, the Court must ascertain whether the absent party is "necessary." See Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000). Second, the Court must determine whether the party's absence validates dismissal pursuant to Rule 19(b). Id. at 724.

Here, the statute at issue applies to a housing standard that is enforced against the landlord, not the plaintiff. Without the landlord as a party, the plaintiff cannot obtain complete relief.

Accordingly, there is no longer a case or controversy before the Court, and the complaint should be dismissed.

## CONCLUSION

### THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE CLAIMS ARE MOOT.

Dated:   New York, New York
         December 6, 2007

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the City of New York
                    Attorney for Municipal Defendants
                    100 Church Street, Room 5-189
                    New York, New York 10007
                    (212) 442-0589

By: _____
                    Jerald Horowitz (JH8395)
                    Assistant Corporation Counsel
                    Administrative Law Division

GABRIEL TAUSSIG,
JERALD HOROWITZ,
          Of Counsel.