```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JUANA SIERRA,                         :
                                      :
            Plaintiff,                :
                                      :
      -v-                             :     07 Civ. 6769 (JSR)
                                      :
CITY OF NEW YORK; NEW YORK CITY       :     ORDER
DEPARTMENT OF BUILDINGS, and PATRICIA :
J. LANCASTER, in her capacity as      :
COMMISSIONER OF NEW YORK CITY         :
DEPARTMENT OF BUILDINGS; NEW YORK     :
CITY DEPARTMENT OF HOUSING            :
PRESERVATION AND DEVELOPMENT, and     :
SHAUN DONOVAN, in his capacity as     :
COMMISSIONER OF NEW YORK CITY         :
DEPARTMENT OF HOUSING AND             :
DEVELOPMENT; and EMAD IBRAHEM,        :
                                      :
            Defendants.               :
------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY F[ILED]
DOC #: _____
DATE FILED: 12-13-07

JED S. RAKOFF, U.S.D.J.

  In a conference before the Court on December 6, 2007, the City of New York, the New York City Department of Buildings, Patricia J. Lancaster, the New York City Department of Housing Preservation and Development, and Shaun Donovan (collectively, the "City") requested a complete stay of all proceedings in this matter pending adjudication of their motion to dismiss for lack of standing filed on that same day. The motion to dismiss, in turn, was premised on a factual concession that the City elicited from plaintiff's counsel in open court. Plaintiff consented to the stay, and the Court granted it. See Transcript, December 6, 2007.

  Having in one breath requested an unqualified stay and filed a motion based on what it contends are undisputed facts, the City, in the next breath, now moves to depose the plaintiff, purportedly to

explore facts it speculates may be proffered by plaintiff in plaintiff's not-yet-filed opposition to the City's motion. This request is made, moreover, despite the Court's clear statement at the time it set the motion schedule that if there arose disputed issues of fact bearing on the motion, the Court would conduct its own in-court hearing on February 14, 2008 to resolve these disputes.

Accordingly, the City's application to depose the plaintiff is hereby denied.

SO ORDERED.

Dated: New York, NY
December 12, 2007

JED S. RAKOFF, U.S.D.J.