UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUANA SIERRA,                                              07 Civ. 6769  ( JSR ) (ECF Case)
                                *Plaintiff,*

                - against -                              **ATTORNEY'S DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF BUILDINGS, and PATRICIA
J. LANCASTER, in her capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF BUILDINGS; NEW
YORK CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT, and
SHAUN DONOVAN, in his capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION
AND DEVELOPMENT; and EMAD IBRAHEM.

                                *Defendants.*
------------------------------------------------------------------X

       AMI T. SANGHVI declares as true under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

### A.    Introduction

1.      I am an attorney duly admitted to the Bar of the State of New York. I am a Staff Attorney in the Homelessness Outreach and Prevention Project of the Urban Justice Center. I am fully familiar with the facts herein.

2.      I make this declaration in opposition to Defendants' motion to dismiss the complaint.

3.      Plaintiff Juana Sierra ("Plaintiff Sierra") brings this civil action against the City of New York, the New York City Department of Buildings and its Commissioner, and the New York City Department of Housing Preservation and Development and its

Commissioner (collectively, "City Defendants") for the enforcement of New York City ("NYC") Housing Maintenance Code ("HMC") § 27-2076(b), N.Y.C. Admin. Code § 27-2076(b) (McKinney Supp. 2007), which discriminates against her on the basis of familial status in violation of Title VIII of the Civil Rights Act of 1968, the Fair Housing Act, as amended by the 1988 Fair Housing Amendments Act, 42 U.S.C. § 3601 *et seq.* (2000).

4.	Plaintiff Sierra asserts that HMC § 27-2076(b) facially discriminates on the basis of familial status, a protected status under the Fair Housing Act.

5.	Emad Ibrahem was named as a Defendant when this action was commenced on July 26, 2007.

### B.  General Facts

6.	Plaintiff Sierra lived with her two children, ages five and fifteen, at 24 West 119th Street, Rooms 2 and 3, New York, New York 10026 for the past six years. *See* Ex. A ¶ 3 (Affidavit of Juana Sierra dated December 20, 2007).

7.	Emad Ibrahem, the landlord of Plaintiff Sierra's former residence, aggressively tried to evict Plaintiff Sierra and her children from the units for years. He attempted to evict her through housing court proceedings on the basis of violating HMC § 27-2076(b), as well as through other means. *See* Ex. A ¶¶ 5-8.

8.	In late November 2007, without consulting her attorneys, Plaintiff Sierra accepted money from Emad Ibrahem and agreed to surrender possession of her units. *See* Ex. A ¶¶ 4, 11.

9.	Plaintiff Sierra is currently homeless and temporarily residing with her eldest son and his family in the Bronx. *See* Ex. A ¶ 12.

10. Plaintiff Sierra is currently looking for housing, but is struggling to find any affordable options and therefore is also trying to find another SRO building where she can rent SRO units. *See* Ex. A ¶¶ 14-15.

11. On December 7, 2007, City defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. Rule 12.

12. On December 11, 2007, this Court ordered Defendant Emad Ibrahem dismissed from the lawsuit based on a stipulation which was approved by City defendants.

### C. Facts Supporting Opposition of Motion to Dismiss

#### 1. Standing

13. Plaintiff Sierra has standing to bring this action against City defendants because she personally has suffered actual injury as a result of the putatively illegal conduct of the City defendants. *See* Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint dated December 21, 2007 ("Plaintiff's Mem. of Law") at 2-5.

14. Further, Plaintiff Sierra has standing to bring this action against City defendants because her injury can be traced to City defendants' enforcement of HMC § 27-2076. *Id.* at 5.

15. Finally, Plaintiff Sierra meets the criteria for standing because her injury can be redressed by a favorable decision. *Id.* at 5-6.

#### 2. Mootness

16. Despite her surrender of the SRO units she occupied when the complaint was filed, Plaintiff Sierra continues to be subjected to discrimination by the City's HMC

provision based on her familial status which bars her from residing in an SRO and would subject her to eviction proceedings simply because she has children. *Id.* at 6-9.

17.    City defendants' filings indicate that they will continue to actively enforce the HMC provision thereby creating a high likelihood that the discrimination will recur either when Plaintiff Sierra attempts to rent SRO units or when she is once again at risk of eviction as a result of violating the HMC provision. *Id.*

### 3. Necessary Party

18.    The landlord is not a necessary party to this lawsuit because enforcement of the discriminatory HMC provision lies solely with City defendants, and it is only City defendants who have the authority to stop this enforcement with regards to all SRO buildings. *Id.* at 10.

### D. Conclusion

19.    For the foregoing reasons, I respectfully request the denial of City defendants' Motion to dismiss the complaint.

Dated: December 21, 2007
New York, New York

_____
AMI T. SANGHVI