UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JUANA SIERRA,                                                          07 Civ. 6769 (JSR)

                           *Plaintiff,*

      - against -

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF BUILDINGS, and PATRICIA
J. LANCASTER, in her capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF BUILDINGS; NEW
YORK CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT, and
SHAUN DONOVAN, in his capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION
AND DEVELOPMENT; and EMAD IBRAHEM.

                           *Defendants.*
------------------------------------------------------------------ X

# MEMORANDUM OF LAW
## IN OPPOSITION TO CITY DEFENDANTS' MOTION TO DISMISS

THE URBAN JUSTICE CENTER
Homelessness Outreach and
Prevention Project
Leslie T. Annexstein (LA 0430)
Ami T. Sanghvi (AS 5128)
123 William Street, 16th Floor
New York, New York 10038
Tel. (646) 602-5643

WEST SIDE SRO LAW PROJECT
Goddard Riverside Comm. Center
Martha Weithman (MW 3333)
647 Columbus Avenue
New York, New York 10025
Tel. (212) 799-9638

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT.................................................................................................................................2

      I.      Plaintiff Sierra has established standing because she suffers
injury caused by City defendants which can be remedied by
injunctive and declaratory relief ......................................................................2

            a.     Injury in fact..........................................................................2
            b.     Causation...............................................................................4
            c.     Redressability........................................................................5

      II.     Plaintiff Sierra's claims are not moot because she has
suffered injury and is highly likely to continue to suffer
such injury........................................................................................................6

      III.    A specific landlord is not a necessary party in this lawsuit
because City defendants generally enforce the
discriminatory HMC provision against all SRO units ......................9

CONCLUSION............................................................................................................................10

Case 1:07-cv-06769-JSR   Document 30   Filed 12/21/2007   Page 3 of 14

## **TABLE OF AUTHORITIES**

*Allen v. Wright*, 468 U.S. 737 (1984) ..................................................................................2

*Amalgamated Transit Union v. Cent. New York Reg'l Transp. Auth.*, 578 F.2d 29 (2d Cir. 1978)..................................................................................................7

*County of Los Angeles v. Davis*, 440 U.S. 625 (1979)..........................................................6

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) ........................................................3, 4, 7

*Defunis v. Odegaraard*, 416 U.S. 312 (1974)........................................................................7

*Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91 (1979) .........................................5

*Harris v. Battle*, 348 U.S. 803 (1954)...................................................................................7

*Havens Realty Corp et al. v Coleman et al.* 455 U.S. 363 (1982) ................................3, 4, 5

*Jobie O. v. Eliot Spitzer*, 2007 U.S. Dist. LEXIS 91460 (S.D.N.Y. December 5, 2007) ........................................................................................................................4, 8

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ...................................................2, 4, 5

*Lynch v. Baxley*, 744 F.2d 1452 (11th Cir. 1984)..................................................................8

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) ............................6

*Nieves v. Oswald*, 498 F.2d 802 (2d Cir. 1974)....................................................................9

*Oil Workers Unions v. Missouri*, 361 U.S. 363 (1960).....................................................6, 7

*Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976).............4, 5

*Southern Pacific Terminal Company v. Interstate Commerce Commission*, 219 U.S. 498 (1911)........................................................................................................7

*Stewart v. Nynex Corp.*, 78 F. Supp. 2d 172 (S.D.N.Y. 1999) .............................................8

*Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115 (1975).......................................6, 7

*United States v. W.T. Grant Co.*, 345 U.S. 629 (1953).........................................................6

*Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464 (1982)........................................................................2

*Viacom Int'l, Inc. v. Kearney*, 212 F. 3d 721 (2d. Cir. 2000).................................................9, 10

*Warth v. Seldin*, 422 U.S. 490 (1975)..............................................................................................2

*Weinstein v. Bradford*, 423 U.S. 147 (1975).................................................................................7, 8

## PRELIMINARY STATEMENT

Plaintiff Sierra brings this federal action to challenge a facially discriminatory provision of the New York City (NYC) Housing Maintenance Code (HMC) §27-2076(b) which prevents families with children from residing in Single Room Occupancy (SRO) units. City defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b), claiming that Plaintiff Sierra lacks standing; her claims are moot; and she has failed to join a necessary party.[1] First, Plaintiff Sierra meets the requirements of establishing Article III case and controversy standing because (1) she has been injured and remains at risk of imminent harm; (2) this injury is directly attributable to City defendants' enforcement of a facially discriminatory HMC provision; and (3) the harm caused by City defendants can be redressed by a favorable decision. Second, Plaintiff Sierra's claims are not moot. Despite her surrender of the SRO units she occupied when the complaint was filed, Plaintiff Sierra continues to be subjected to discrimination by City defendants' HMC provision because of her familial status which bars her from residing in a SRO unit and subjects her to eviction proceedings simply because she has children. Third, Plaintiff Sierra's landlord is not a necessary party to this action. Enforcement of the discriminatory HMC provision lies solely with City defendants and, absent judicial review, it is only City defendants who have the authority to repeal the code and stop its enforcement with regards to all SRO buildings. Accordingly, City defendants' motion to dismiss must be denied.

---

[1] City defendants appear to make this motion under Rule 12(b) generally, without specifying the applicable subsection. To the extent that any of City defendants arguments fall within Federal Rule of Civil Procedure 12(b)(6) and (7) and matters outside of the pleading are presented and accepted by the court, City defendants have converted this motion into one for summary judgment. As a summary judgment motion, City defendants have failed to meet their burden under Fed. R. of Civ. P. 56 to demonstrate that there are no material facts in dispute.

1

## ARGUMENT

**I.  Plaintiff Sierra has established standing because she suffers injury caused by City defendants which can be remedied by injunctive and declaratory relief.**

Article III of the Constitution requires that in order for a party to invoke a federal court's jurisdiction, the party must demonstrate that (1) "he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant"; (2) "the injury 'fairly can be traced to the challenged action'"; and (3) the injury "is likely to be redressed by a favorable decision." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (citations omitted); *see also Allen v. Wright*, 468 U.S. 737, 750 (1984); *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Plaintiff Sierra meets all three standing requirements.

    a. <u>Injury in fact</u>

The injury in fact test requires more than an injury to a cognizable interest and requires that the party herself be injured. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992). Plaintiff Sierra has suffered and continues to suffer direct harm as a result of City defendants' enforcement of the discriminatory HMC provision. HMC § 27-2076(b) has injured Plaintiff Sierra because she (1) has been and remains subject to a discriminatory housing provision; (2) remains without a permanent home until she can find affordable and appropriate housing; and (3) is precluded from SRO units which are one of the few affordable housing options available to low-income New Yorkers. But for City defendants' enforcement of the HMC provision, Plaintiff Sierra's housing rights would not have been threatened and her landlord would not have had a cause of action to pursue eviction proceedings. Similarly, but for City defendants' continued enforcement of the HMC provision, Plaintiff Sierra would not continue to be precluded from securing housing in one of the few affordable options in NYC. Thus, Plaintiff

2

Sierra has suffered "specific injury" from the challenged act of [City defendants'] and the Article III requirement of injury in fact is satisfied. *Havens Realty Corp et al. v Coleman et al.* 455 U.S. 363, 374 (1982).

For six years, Plaintiff Sierra lived in two SRO units at 24 West 119th Street with her two children, both between the ages of one and sixteen. *See* Declaration of Ami T. Sanghvi dated December 21, 2007 ("Sanghvi Decl."), Ex. A ¶ 3 (Affidavit of Juana Sierra dated December 20, 2007). As a result of a violation issued by City defendants against Plaintiff Sierra's landlord, Emad Ibrahem, for renting units in violation of HMC § 27-2076(b), Mr. Ibrahem initiated eviction proceedings against Plaintiff Sierra. *See* Compl. ¶ 22 – 26. Indeed, the most recent eviction actions were Mr. Ibrahem's third attempt over the course of two years to evict Plaintiff Sierra and her children from the units on the basis of the HMC provision. *Id.* During the course of the eviction proceedings, Plaintiff Sierra endured poor living conditions in the SRO units, and faced extreme pressure by Mr. Ibrahem to surrender possession of the units. *See* Sanghvi Decl., Ex. A ¶¶ 5-8. Mr. Ibrahem finally succeeded in removing Plaintiff Sierra from the units by offering her money that Plaintiff Sierra accepted out of fear that otherwise she would be evicted and left with nothing. *Id.* at Ex. A ¶ 4.[2] Plaintiff Sierra and her two children are now without a permanent home and are trying to seek another affordable housing option. *Id.* at Ex. A ¶¶ 12 - 14. The housing insecurity over the course of two years and ultimate loss of her home is in fact a real, distinct, and palpable injury.

Moreover, the Supreme Court has stated that past exposure to illegal conduct must be accompanied by continuing, present adverse effects for a case or controversy to exist. *See e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Plaintiff Sierra continues to suffer

---

[2] Plaintiff Sierra intends to amend her complaint pursuant to Fed. R. Civ. P. R. 15 to update the change in circumstances and facts. *See Havens*, 455 U.S. at n. 6.

3

ongoing harm due to City defendants' enforcement of the discriminatory HMC provision. Plaintiff Sierra and her two young children are currently without a permanent home and temporarily living in her eldest son's two room apartment. *See* Sanghvi Decl., Ex. A ¶ 12. The affordable housing options in NYC for Plaintiff Sierra, who is low-income, are limited and one of the options available are SRO units. *Id.* at Ex. A ¶¶ 14-16. Therefore, the injury Plaintiff Sierra suffers proceeds with a "high degree of immediacy." *See Lujan*, 504 U.S. at 564, *see also Jobie O. v. Eliot Spitzer*, 2007 U.S. Dist. LEXIS 91460; *Lyons*, 461 U.S. at 102-106. She has no permanent home and her ability to find a home is greatly hindered by City defendants' discriminatory HMC provision that precludes her from living in an SRO unit with her children.

Additionally, in *Havens*, a case holding that testers had standing to challenge a violation of the Fair Housing Act and that the motion to dismiss was properly denied, the Supreme Court found that in the absence of further factual development, the Court could not find as a matter of law that no injury could be proved. 455 U.S. at 377. Here, Plaintiff Sierra established her injury in fact at the commencement of this suit. *See* Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Given the recent change in facts, further factual development is necessary before determining, as a matter of law, that Plaintiff Sierra is not harmed by City defendants' HMC provision that continues to preclude her family from residing in SRO units.

    b. Causal connection

"The injury claimed must be fairly trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 citing *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976). Because Plaintiff Sierra is the subject of the challenged government action, "there is ordinarily little question that the action …has caused him injury, and that a judgment

4

preventing . . . the action will redress it." *Lujan* 504 U.S. at 562. Here, Plaintiff Sierra's housing security was threatened due to City defendants' issuance of a violation which gave her landlord cause to commence eviction proceedings. Indeed, it is City defendants' own actions that in large part led to Plaintiff Sierra's lack of a permanent home. Plaintiff Sierra continues to suffer housing discrimination because City defendants continue to enforce the HMC provision. *See* Aff. of Mario Ferrigno dated August 16, 2007 ("Ferrigno Aff.") ¶ 10. Therefore, the injuries claimed by Plaintiff Sierra are directly traceable to City defendants and hence meets the second requirement for standing to support this Court's jurisdiction.

c. Redressability

It must be "likely" as opposed to "speculative" that the injury will be redressed by a favorable decision. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. at 38, 43. The challenged facially discriminatory HMC provision was enacted by, and continues to be enforced by, City defendants. Therefore, an injunction and declaratory judgment prohibiting City defendants' enforcement of the provision as well as appropriate damages will undoubtedly redress the harm Plaintiff Sierra has suffered, and continues to suffer, by ending a practice that unlawfully discriminates against her.

Additionally, the Supreme Court has found that Congress intended standing under § 812 of the Fair Housing Act to extend to the full limits of Article III and hence require a minima of injury in fact as a result of defendant's actions. *Havens*, 455 U.S. at 372 citing *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 103, n. 9, 109 (1979). In analyzing § 804(d) of the Fair Housing Act, the Court also recognized that the "actual or threatened injury required by Article III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing . . . ." *Id.* at 373. Here, Plaintiff Sierra has brought this claim under §804(a), (b)

5

which makes it unlawful to "make unavailable or deny, a dwelling to any person because of . . . familial status" and unlawful to "discriminate against any person in the terms, conditions, or privileges of . . . rental of a dwelling . . . because of . . . familial status[.]" 42 U.S.C. § 3604(a)-(b). The Fair Housing Act creates rights to discrimination free housing and the HMC provision invades that right by discriminating on the basis of familial status. Enjoining City defendants' enforcement of a discriminatory provision and declaring it invalid provides Plaintiff Sierra with the remedy of protecting her from future discrimination on the basis of familial status.

## II. Plaintiff Sierra's claims are not moot because she has suffered injury and is highly likely to continue to suffer such injury.

City defendants erroneously argue that the case has become moot because events have eradicated the effects of the defendants' acts. *See* City Defendants' Mem. of Law in Support of Motion to Dismiss at p. 3. To determine that intervening relief or events have mooted a case or controversy, a court must at least be able to conclude "with assurance that 'there is no reasonable expectation' that the violation will recur." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). Further, the Court has held that a justiciable controversy continued and declaratory relief was appropriate where "the challenged governmental activity . . . has not evaporated or disappeared, and, by its continuing and brooding presence cases what may well be a substantial adverse effect on the interests of the petitioning parties." *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122 (1975) (finding that although the labor dispute was resolved, the underlying dispute still remained unsettled and because the parties still retained sufficient interest and injury, the case-or-controversy requirement of Article III, § 2, and the Declaratory Judgment Act were met which justified the award of declaratory relief) citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The Court distinguished the holding in *Super Tire* from cases such as

6

*Oil Workers Unions v. Missouri*, 361 U.S. 363 (1960) and *Harris v. Battle*, 348 U.S. 803 (1954) on the grounds that the challenged government activity had not evaporated or disappeared while in the other cases, the adverse effects were remote. *Super Tire Eng'g Co.*, 416 U.S. at 122-123; *see also Amalgamated Transit Union v. Cent. New York Reg'l Transp. Auth.*, 578 F.2d 29, 33 (2d Cir. 1978) (applying the *Super Tire* distinction and finding the case moot because there was not the same inevitability of recurrence as in *Super Tire*).

Here, City defendants have not demonstrated that the facially discriminatory HMC provision will no longer be enforced. The challenged government action - enforcement of the HMC provision - has also not evaporated or disappeared. City defendants have asserted that the HMC provision prohibiting children from living in SRO buildings is necessary and further admitted that violations of this provision are actively being issued. *See* Ferrigno Aff. ¶¶ 8, 10. Hence, because City defendants will continue to enforce the HMC provision, its brooding presence continues to have the adverse effect on the interests of Plaintiff Sierra by discriminating against families with children on the basis of familial status.

Additionally, the Supreme Court has held that review is appropriate when there was injury that was "capable of repetition, yet evading review." *Southern Pacific Terminal Company v. Interstate Commerce Commission*, 219 U.S. 498 (1911). The main question is whether the practices to which Plaintiff Sierra objects will be repeated and thus be harmful to her. *Lyons*, 461 U.S. at 108. City defendants have not demonstrated that "the same complaining party [will not] be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). City defendants inappropriately cite *Defunis v. Odegaraard* to argue that the dispute should dissolve due to a change in circumstances despite that the facts are completely distinguishable. 416 U.S. 312, 316-317 (1974). In *Defunis*, the original plaintiff was challenging a specific law

7

school's admissions policy but would have received his law degree before the case could be fully heard by the Supreme Court. *Id.* The Court held the case to be moot because the challenged action could never be repeated since the plaintiff would never have to go through the law school admissions process again once he had earned his degree. Here, Plaintiff Sierra needs housing and is seeking housing in SRO units. *See* Sanghvi Decl., Ex. A ¶¶ 14-16. Based on the plain language of City defendants' filings in this case to date, City defendants will continue to enforce the discriminatory HMC provision and Plaintiff Sierra continues to be barred from SRO units and is therefore subject to the repeated discriminatory action. *See* Ferrigno Aff. ¶¶ 8, 10.

Based upon City defendants' insistence on enforcing the HMC provision and the 28 other violations issued in the past two years, there is a more than a "demonstrated probability" that Plaintiff Sierra will again be among those injured by the facially discriminatory provision. *Weinstein v. Bradford*, 423 U.S. at 149; *see also* Ferrigno Aff. ¶ 10. Plaintiff Sierra has lived in SRO units for the past six years, is familiar with that style of living, and is currently looking for units in SRO buildings because they are one of the only available affordable housing options for her. *See* Sanghvi Decl., Ex. A ¶¶ 13-14. Therefore, it is "highly likely" that she will either be denied the opportunity to live in an SRO unit because of her familial status, or if she is rented the units, she would be at risk of losing such housing. *See Jobie O. v. Eliot Spitzer*, 2007 U.S. Dist. LEXIS 91460 (S.D.N.Y. December 5, 2007) citing *Lynch v. Baxley*, 744 F.2d 1452, 1456-57 (11th Cir. 1984).

City defendants incorrectly conclude that Plaintiff Sierra's harm is merely a speculative possibility of future harm and cite cases with clearly distinguishable facts. In *Stewart v. Nynex Corp.* the harm was found to be speculative because the employees suffered no harm at the time of the challenged action but were concerned about the future possibility of their employment

terminating and subsequent change. 78 F. Supp. 2d 172, 180 (S.D.N.Y. 1999). Here, Plaintiff Sierra suffered harm at the time that the complaint was filed and continues to suffer present harm because she is currently without a permanent home and precluded from a critical part of the NYC affordable housing stock. Similarly, City defendants inappropriately rely on *Nieves v. Oswald*[3] to support the argument that a case is moot when plaintiffs are no longer subject to the challenged policy. 498 F.2d 802, 814-815 (2d Cir. 1974). In *Nieves*, the inmates were no longer subject to the challenged disciplinary proceedings while in the instant case Plaintiff Sierra is still subject to the discriminatory HMC provision because she is precluded from renting SRO units. Accordingly, Plaintiff Sierra's claim against City defendants is not moot.

### III. A specific landlord is not a necessary party because City defendants generally enforce the discriminatory HMC provision against all SRO units.

Finally, City defendants argue that due to the dismissal of the landlord, Emad Ibrahem, from the lawsuit, plaintiff's claims must be dismissed because of a failure to join a necessary party pursuant to Fed. R. Civ. P. Rule 19. Contrary to City Defendants' assertion, the landlord is not a "necessary" party for this suit and his dismissal does not terminate this Court's jurisdiction. *See Viacom Int'l, Inc. v. Kearney*, 212 F. 3d 721, 724 (2d. Cir. 2000).

If a party is not necessary under Rule 19(a) the court need not determine whether dismissal is warranted under Rule 19(b). *See Viacom Int'l*, 212 F. 3d at 724. Here, complete relief can be provided to Plaintiff Sierra by City defendants. A repeal of City defendants' discriminatory HMC provision will enable Plaintiff Sierra to reside in an SRO with her children and will negate the threat of eviction from an SRO unit on the basis of her familial status. Additionally, the landlord has no specific substantial legal interest in the maintenance and

---

[3] City defendants have cited Nieves v. Russell, but the citation provided yields Nieves v. Oswald.

enforcement of the discriminatory HMC provision; rather, the landlord's sole legitimate interest in enforcing the HMC provision was for the purpose of avoiding a monetary penalty.

Further, despite City defendants' assertion that the statute at issue applies to a housing standard enforced against the landlord and not the plaintiff, the issue of the discriminatory practice certainly applies to Plaintiff Sierra. The facially discriminatory HMC provision enacted and enforced by City defendants gave rise to the eviction proceedings against Plaintiff Sierra in the first place and furthermore continues to preclude Plaintiff Sierra from residing in an SRO building free from discrimination. Plaintiff Sierra is the party being discriminated against due to her familial status, which is specifically what the Fair Housing Act seeks to protect. City defendants' discriminatory provision is a part of the HMC which applies to all SRO units and not solely to the units previously occupied by Plaintiff Sierra. Plaintiff Sierra has already been forced out of one SRO building and still faces a legal barrier erected by City defendants that prevents her from renting another SRO unit. To suggest that Mr. Ibrahem is a necessary party would also mean that every SRO building landlord is necessary party to this action, as Plaintiff Sierra is barred from all SRO buildings. Thus, Mr. Ibrahem is not a necessary party in this suit challenging a facially discriminatory provision of City law enacted, maintained, and enforced by City defendants.

## CONCLUSION

For the above stated reasons, City defendants' Motion to Dismiss should be denied.

Dated: December 21, 2007

Respectfully Submitted,

BY: AMI T. SANGHVI

10