```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- x
JUANA SIERRA,                           :
                                        :
           Plaintiff,                   :
                                        :
           -v-                          :      07 Civ. 6769 (JSR)
                                        :
CITY OF NEW YORK; NEW YORK CITY         :      MEMORANDUM
DEPARTMENT OF BUILDINGS, and PATRICIA   :
J. LANCASTER, in her capacity as        :
COMMISSIONER OF NEW YORK CITY           :
DEPARTMENT OF BUILDINGS; NEW YORK       :
CITY DEPARTMENT OF HOUSING              :
PRESERVATION AND DEVELOPMENT, and       :
SHAUN DONOVAN, in his capacity as       :
COMMISSIONER OF NEW YORK CITY           :
DEPARTMENT OF HOUSING AND               :
DEVELOPMENT; and EMAD IBRAHEM,          :
                                        :
           Defendants.                  :
--------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

In her complaint filed on July 27, 2007, plaintiff Juana Sierra, who at that time resided with her young child in a single room occupancy ("SRO") unit, alleged that section 27-2076(b) of the New York City Housing Maintenance Code ("HMC"), which prohibits children from living in SRO units, violated the federal Fair Housing Act, 42 U.S.C. § 3604(a), because it discriminated on the basis of familial status. Sierra sought (1) declaratory judgments invalidating section 27-2076(b) and any open or pending claims of violation of § 27-2076(b) issued by the City of New York, the N.Y.C. Department of Buildings and its Commissioner, and/or the N.Y.C. Department of Housing Preservation and Development and its Commissioner (collectively, the "City defendants"); (2) temporary and permanent injunctions barring the City defendants from enforcing HMC

§ 27-2076(b); (3) temporary and permanent injunctions barring defendant Emad Ibrahem, Sierra's landlord, from taking any actions to evict Sierra and staying the proceedings brought by Ibrahem in New York City Housing Court to evict Sierra on the basis of HMC § 27-2076(b); and (4) damages, attorney's fees, and costs. See Complaint, at 10-11. In response, defendant Ibrahem argued, inter alia, that plaintiff's request to stay the Housing Court eviction proceedings and to enjoin him from prosecuting his ongoing action in that court violated the Anti-Injunction Act, 28 U.S.C. § 2283; and the City, belatedly, argued that the plaintiff's claims against the City were also barred by the Anti-Injunction Act and by the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971). On December 6, 2007, the Court, by summary order, ruled that the Anti-Injunction Act barred Sierra's claims for injunctive relief against Ibrahem, but that the other claims could proceed. This Memorandum states the reasons for that ruling.

    The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. In her papers on this issue, plaintiff did not dispute that her request to stay the Housing Court eviction proceedings and her request to enjoin Ibrahem from prosecuting these proceedings would be barred by the Anti-Injunction Act unless such measures were "expressly authorized" by the Fair

Housing Act or were "necessary in aid of [this Court's] jurisdiction"; but she argued that both of these exceptions here applied.

However, as to the first exception, permitting an injunction that is "expressly authorized by Act of Congress," it is settled law that the exception comes into play only when a statute "clearly creating a federal right or remedy enforceable in a federal court of equity[] could be given its intended scope only by the stay of a state court proceeding." Mitchum v. Foster 407 U.S. 225, 239 (1972). Since the Fair Housing Act is expressly enforceable in both state and federal courts, see 42 U.S.C. § 3613(a)(1)(A), no stay of a state action is required to secure its intended scope, and consequently the first exception to the Anti-Injunction Act is here inapplicable. See Casa Marie, Inc. v. Superior Court of Puerto Rico for the District of Arecibo, 988 F.2d 252, 261-62 (1st Cir. 1993).

As for the second exception, permitting an injunction "necessary in aid of [this Court's] jurisdiction," this has traditionally been understood to apply to the Court's "in rem" jurisdiction, as where the case involves the disposition of real property and the federal court acquires jurisdiction over the res before the state court does. See Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 641 (1977) ("[T]he 'necessary in aid of' exception to § 2283 may be fairly read as incorporating this historical in rem exception."); see also Erwin Chemerinsky, Federal Jurisdiction 745 (5th ed. 2007);; 17A Wright & Miller, Federal Practice and Procedure

§ 4225 (3d ed. 2007). Some courts, however, have taken the view that the exception extends beyond in rem cases to cases that, while technically in personam, are analogous to in rem cases, see, e.g., Lattimore v. Nw. Coop. Homes Ass'n, No. 90-0049, 1990 U.S. Dist. LEXIS 3285, at *12 (D.D.C. Mar. 26, 1990), or, even more broadly, to cases where some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide the case, see, e.g., James v. Belotti, 733 F.2d 989, 993 (1st Cir. 1984). Most notably, in McNeill v. New York City Housing Authority, 719 F. Supp. 233, 256 (S.D.N.Y. 1989), the court, finding that the "necessary in aid of . . . jurisdiction" exception applied, enjoined the state eviction proceedings pending against plaintiffs while it adjudicated their claims to federal low-income housing assistance under 42 U.S.C. § 1437(f), known as "Section 8." The court reasoned that "[u]nless eviction proceedings are stayed long enough to adjudicate plaintiffs' alleged right to retroactive reinstatement in the Section 8 program . . . . the Court will be unable to accord meaningful relief to the parties[, because] [r]einstatement in Section 8 without an apartment would be tantamount to no relief at all.". Id. The District of D.C. reached a similar conclusion in Lattimore v. Northwest Cooperative Homes Association, op. cit., where the plaintiff's claims also concerned Section 8 assistance. 1990 WL 10521534, at *3 (D.D.C. Mar. 26, 1990).

4

However, even assuming the correctness of this broader interpretation of the "necessary in aid of . . . jurisdiction" exception, it still would have no applicability to the instant case, since, as noted, plaintiff could fully preserve in state court her defense of the invalidity of HMC § 27-2076, and thus pendency of the state court proceedings would not meaningfully threaten this Court's jurisdiction. In both McNeill and Lattimore, by contrast, the plaintiffs were unable to raise their federal claims in the state court proceedings they sought to enjoin. See McNeill, 719 F. Supp. at 255; Lattimore, 1990 WL 10521534, at *4. Here, however, as Sierra concedes, see Plaintiff's Memorandum of Law Regarding the Anti-Injunction Act at 5, Sierra may raise her claim that HMC § 27-2076 violates the Fair Housing Act as an affirmative defense to the eviction proceeding. See N.Y. Real Prop. Acts. § 743; see also Hudson View Props. v. Weiss, 59 N.Y.2d 733 (N.Y. 1983); Elisau Estates v. Schrager, 518 N.Y.S.2d 712 (N.Y. Civ. Ct. 1987).[1]

---

[1] Although the housing court may sever complicated discrimination defenses or counterclaims, see, e.g., Committed Community Assocs. v. Croswell, 659 N.Y.S.2d 691 (2d Dept. 1997); Smalkowski v. Vernon, 2001 N.Y. Misc. LEXIS 456, No. 80162/00 (March 9, 2001 N.Y. Civ. Ct.), the severed claims still would be litigated in state court; the possibility of severance therefore has no effect on the Anti-Injunction Act analysis. See Armstrong v. Real Estate Int'l, 2006 U.S. Dist. LEXIS 7630 (E.D.N.Y. Feb. 14, 2006) ("Even if. . . the state court would sever the eviction proceeding from an equitable mortgage defense or any counterclaims, this result does not preclude her from litigating these claims in state court. Her ability to do so, regardless of which state court would have the jurisdiction to hear her claims, undermines any argument that the "necessary in aid of jurisdiction" exception to the Anti-Injunction Act would apply.").

Although the Anti-Injunction Act therefore bars plaintiff's application for injunctive relief to stay the Housing Court eviction proceedings and to prohibit defendant Ibrahem from prosecuting the eviction, it in no way bars her claim against Ibrahem for compensatory damages. See Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000). Subsequent to the issuance of this Court's summary order on December 6, 2007, however, plaintiff and Ibrahem settled their differences and entered into a stipulation, to which the City defendants also consented, dismissing plaintiff's claims against Ibrahem, which was approved by this Court on December 10, 2007.

This still leaves open, however, plaintiff's claims against the City defendants. As the Court ruled in its summary order of December 6, 2007, the Ant-Injunction Act does not bar these claims, nor need the Court dismiss these claims under the abstention doctrine articulated in Younger v. Harris.[2] The City defendants were never a party to the eviction proceeding against plaintiff; and now that that proceeding has, in any event, been dismissed as part of the settlement between plaintiff and Ibrahem, plaintiff's requests for injunctive and declaratory relief may fairly be read as applying

---

[2] "Younger generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings," and is required when "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal . . . claims." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002). "[A] litigant seeking an injunction must satisfy exceptions to both the Anti-Injunction Act and the Younger doctrine." Moore's Federal Practice § 122.05[1][c].

6

e.g., <u>New Orleans Pub. Serv., Inc. v. Council of New Orleans</u>, 491 U.S. 350, 372 (1989) (<u>Younger</u> is directed against "interference with ongoing judicial proceedings").

To the extent, of course, that plaintiff seeks an injunction and/or declaration barring presently ongoing proceedings that do not involve or threaten to involve plaintiff herself - a matter left uncertain by her pleadings - such claims may well be barred by the Anti-Injunction Act. But as to all her remaining claims, including her claim for damages against the City defendants, plaintiff faces a more fundamental hurdle, <u>viz.</u>, lack of standing, since, as part of her settlement with Ibrahem, she has vacated the SRO unit where her presence with her child gave rise to the violation of HMC § 27-2076 that underlay this entire lawsuit. Accordingly, the City defendants have now moved to dismiss all remaining claims on that ground and that motion is presently being briefed, but is not yet presented for adjudication.

Dated: New York, NY
January 2, 2008

_____
JED S. RAKOFF, U.S.D.J.