Index No. 07 CV 6769 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANA SIERRA,

                                        Plaintiff,

                    - against -

THE CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF BUILDINGS; PATRICIA J.
LANCASTER, in her capacity as COMMISSIONER OF
THE NEW YORK CITY DEPARTMENT OF
BUILDINGS; NEW YORK CITY DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT;
SHAUN DONOVAN, in his capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION AND
DEVELOPMENT; and EMAD IBRAHEM,

                                        Defendants.

## CITY DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Jerald Horowitz*
*Tel: (212) 442-0589*
*NYCLIS No. 2007-023070*

GABRIEL TAUSSIG,
JERALD HOROWITZ,
    Of Counsel.

January 3, 2008

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................. 2

CONCLUSION .......................................................................................................................... 6

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                                 <u>Pages</u>

City of Los Angeles v. Lyons,
    461 U.S. 95 (1983)................................................................................................................3

Division 580 v. Central New York Regional Transport Authority,
    578 F.2d 29 (2d Cir. 1978).....................................................................................................5

Fair Housing in Huntington Committee Inc. v. Town of Huntington,
    316 F.3d 357 (2d Cir. 2003)...................................................................................................5

Golden v. Zwickler,
    394 U.S. 103 (1969)...........................................................................................................2, 3

Hakim v. Chertoff,
    447 F. Supp. 2d 325 (S.D.N.Y. 2006)....................................................................................2

Haven Realty Corp. v. Coleman,
    455 U.S. 363 (1982)...........................................................................................................4, 5

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992)................................................................................................................2

Minksy v. Kelley,
    2007 U.S. App. LEXIS 17584 (2d Cir. 2007) ......................................................................4

Port Washington Teachers' Association v. Board of Education,
    478 F.3d 494 (2d Cir. 2007)...................................................................................................3

Russman v. Board of Education,
    260 F.3d 114 (2d Cir. 2001)...................................................................................................2

Super Tire Engineering Co. v. McCorkle,
    416 U.S. 115 (1974)................................................................................................................5

Van Wie v. Pataki,
    267 F.3d 109 (2d Cir. 2001)...................................................................................................3

Viacom International, Inc. v. Kearney,
    212 F.3d 721 (2d Cir. 2000)...................................................................................................5

Weinstein v. Bradford,
    423 U.S. 147 (1975)................................................................................................................5

**Statutes**                                                                 **Pages**

New York City Administrative Code § 27-2076(b) ............................................. passim

Fed. R. Civ. P. Rule 12(b)(1) ...............................................................................1

Fed. R. Civ. P. Rule 12(b)(7) ............................................................................1,5

Fed. R. Civ. P. Rule 19 .........................................................................................5

## PRELIMINARY STATEMENT

Defendants the City of New York ("the City"), the New York City Department of Buildings ("DOB"), Patricia J. Lancaster, in her capacity as Commissioner of DOB, the New York City Department of Housing Preservation and Development ("HPD"), and Shaun Donovan, in his capacity as Commissioner of HPD (hereinafter "City Defendants"), submit this reply memorandum of law in support of defendants' motion to dismiss the complaint pursuant to Rule 12(b)(1)(7) of the Federal Rules of Civil Procedure.

The plaintiff has no standing to assert a challenge to Section 27-2076(b) of the New York City Administrative Code ("Section 27-2076(b)"), which restricts children under the age of sixteen from living in a rooming unit operated for profit,[1] as a violation of the Fair Housing Act. In exchange for the payment of $19,000, plaintiff voluntarily vacated the two rooming units located at 24 West 119th Street in Manhattan ("the premises") that she had occupied with her two children, ages 6 and 15.[2] See Affidavit of Juana Sierra, dated December 20, 2007 ("Sierra Aff.") at ¶ 3. As a result, plaintiff is no longer threatened with eviction as alleged in the complaint. See Compl., ¶ 5.

In response, plaintiff makes assertions of harm that are conclusory, hypothetical, and pure conjecture. She states that ". . . I fear that I could myself facing eviction again if I move into another SRO building." See Sierra Aff., ¶ 11 (emphasis added). Plaintiff currently lives with her older son in a two bedroom apartment in the Bronx, and is looking for another home. See Sierra Aff., ¶¶ 12, 14. Plaintiff also states that ". . . I believe that SRO housing is the

---

[1] Rooming units owned by an educational, religious or charitable institutions are explicitly exempt from the restriction concerning children. See Section 27-2076(b).

[2] Plaintiff voluntarily withdrew her claims against the defendant landlord, Emad Ibrahem, and as a result, the second claim, brought under New York City Human Rights Law, is also withdrawn because it was brought solely against the landlord. See Sierra Aff., ¶ 11.

only housing I could possibly afford." See Sierra Aff., ¶ 16. Plaintiff stated only that she can afford a monthly rent of $522.15. See Sierra Aff., ¶ 10. According to plaintiff, her challenge to Section 27-2076(b) should continue "so that I will not risk eviction again if, and possibly when, I live in another SRO building with my children . . ." Id. at ¶ 17.

As discussed below, and in the accompanying Affidavit of Moon Wha Lee, dated January 2, 2008 ("Lee Aff."), plaintiff's risk of eviction based upon the application of Section 27-2076(b) is only hypothetical, and not of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Therefore, the action should be dismissed.

## ARGUMENT

Plaintiff fails to come to grips with the requirements for standing pursuant to Article III of the United States Constitution cited by defendants in their opening brief. See, e.g., Russman v. Board of Education, 260 F.3d 114 (2d Cir. 2001); Golden v. Zwickler, 394 U.S. 103, 108 (1969). As the party invoking federal jurisdiction, plaintiff bears the burden of establishing the elements of standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Plaintiff has failed to meet that burden. "Subjective fears about future contingencies do not confer standing unless they have an objective reasonable basis sufficient to render them more than speculations about non-imminent events." Hakim v. Chertoff, 447 F. Supp.2d 325, 328 (S.D.N.Y. 2006) (freedom of religion challenge to Coast Guard photograph requirements found to be too remote). "Imminence, although a 'somewhat elastic concept,' 'cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes – that the injury is *certainly* impending.'" Id. (quoting Lujan, 504 U.S. at 564 n.2).

In the case at bar, plaintiff's argument for standing (Pl. Mem at 3-4) essentially boils down to conclusory assertions of a future threat of being evicted because of Section 27-

2

2076(b). This risk of eviction is too remote. See Port Washington Teachers' Assoc. v. Board of Education, 478 F.3d 494, 499-500 (2d Cir. 2007). Plaintiff voluntarily relinquished possession of the two rooming units, and therefore is no longer threatened with eviction. See Sierra Aff., ¶¶ 3, 4. Three events have to take place before the plaintiff will again risk eviction. First, plaintiff and her family have to relocate to another rooming unit. Second, the defendants have to issue a violation based upon Section 27-2076(b). Third, the landlord of the rooming unit has to commence an eviction proceeding. These events are contingencies that are not likely to repeat. "Past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 103 (1983). Thus, the fact that plaintiff was once threatened with eviction does not mean that she will face that dilemma again. Plaintiff's assertion that she will face the risk of eviction again "if, and possibly when, I live in another SRO building with my children . . ." (see Sierra Aff., ¶ 17) amounts to "a mere theoretical possibility that the controversy is capable of repetition" and does not establish "a reasonable expectation" that she will be subject to the same dispute. Van Wie v. Pataki, 267 F.3d 109, 115 (2d Cir. 2001) (challenge to primary election found to be moot).

Plaintiff's belief that she will occupy a rooming unit again is "hardly a substitute for evidence that this is a prospect of 'immediacy and reality.'" Golden, 394 U.S. at 109. In Golden, plaintiff Zwickler, a congressman, sought a declaratory judgment that a New York statute prohibiting anonymous handbills directly pertaining to election campaigns was unconstitutional. Although Zwickler had once been convicted under the statute, he left the House of Representatives for a place on the Supreme Court of New York. A unanimous Court held that because it was "most unlikely" that Zwickler would again be subject to the statute, no case or controversy of "'sufficient immediacy and reality'" was present to allow a declaratory

3

judgment. Id. Like Zwickler's assertion that he could be a candidate for Congress again, plaintiff's assertion that she may occupy a rooming unit with her family is not sufficient to create an actual controversy for a declaratory judgment to be entered. See Minksy v. Kelley, 2007 U.S. App. Lexis 17584 (2d Cir. 2007).

    Similarly, the prospect of plaintiff and her family occupying another rooming unit is most unlikely. Assuming that she can only afford a monthly rent of $522.15, it is highly improbable that she can find or even afford to pay for one or two rooming units again. According to data from the 2005 New York City Housing and Vacancy Survey ("2005 HVS"), which is the latest survey containing data on occupied and vacant rental housing in New York City, the number of vacant available rooming units is too small to be used in a statistically reliable manner, considering sampling and non-sampling errors. See Lee Aff., ¶ 3-9. In addition, the median rent for all occupied and vacant rooming units as a whole in 2005 was $644. Id. at ¶ 5. Thus, the likely rental charge for a rooming unit is more than she can afford. The likely charge for two units would be $1288, an amount far in excess of what plaintiff stated she could afford. See Sierra Aff., ¶ 16 ($900 per month ". . . is more than I can afford and almost double what I was paying"). Moreover, there are thousands of apartments available that plaintiff can afford. See Lee Aff., ¶¶ 6, 7.

    Plaintiff's reference to Haven Realty Corp. v. Coleman, 455 U.S. 363 (1982) is inapposite. In Haven Realty Corp., plaintiffs brought a Fair Housing Act challenge against an apartment complex owner based on allegation of racial steering. Plaintiffs asserted that they had standing based on injuries from (1) misrepresentations made to them (as testers) about available housing or (2) lost benefits of living in an integrated community. As to the latter, the Supreme Court remanded to allow further factual development to determine whether the alleged steering

practices had an appreciable effect on the neighborhoods where plaintiffs lived. Unlike the plaintiffs in <u>Havens Realty Corp.</u>, the plaintiff here does not allege that she has lost the social benefits of living in an integrated community. Moreover, the plaintiff has not proffered any facts that would need further factual development to establish how the challenged statute might give rise to a distinct and palpable injury. <u>See Fair Housing in Huntington Committee Inc. v. Town of Huntington</u>, 316 F.3d 357 (2d Cir. 2003).

Plaintiff complains (Pl. Mem at 6-7) about the "brooding" presence of Section 27-2076(b) but fails to establish how this moot controversy is justiciable. <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975) (per curiam). Reference to labor cases, such as <u>Super Tire Engineering Co. v. McCorkle</u>, 416 U.S. 115 (1974) is misplaced. The facts in the case at bar do present "the same inevitability of recurrence" that are present in labor disputes. <u>Division 580 v. Central New York Regional Transp. Authority</u>, 578 F.2d 29, 33 (2d Cir. 1978).

Plaintiffs' claims must be also be dismissed because of a failure to join a necessary party. <u>See</u> Fed. R. Civ. P. Rules 12(b)(7), 19. The statute at issue applies to a housing standard that is enforced against the landlord, not the plaintiff. To have a palpable effect on the plaintiff, the plaintiff must be threatened with eviction from the landlord. Thus, the landlord will be a necessary party in order for the plaintiff to obtain complete relief. <u>See Viacom Int'l, Inc. v. Kearney</u>, 212 F.3d 721, 724 (2d Cir. 2000).

Accordingly, there is no longer a case or controversy before the Court, and the complaint should be dismissed.

## CONCLUSION

## THE COMPLAINT SHOULD BE DISMISSED
## BECAUSE THE CLAIMS ARE MOOT.


Dated:        New York, New York
              January 3, 2008


                          MICHAEL A. CARDOZO
                          Corporation Counsel of the City of New York
                          Attorney for Municipal Defendants
                          100 Church Street, Room 5-189
                          New York, New York 10007
                          (212) 442-0589

                   By:    _____
                          Jerald Horowitz (JH8395)
                          Assistant Corporation Counsel
                          Administrative Law Division


GABRIEL TAUSSIG,
JERALD HOROWITZ,
     Of Counsel.

6