UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
JUANA SIERRA,                                                                       07 Civ. 6769 (JSR)

                                *Plaintiff,*

      - against -

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF BUILDINGS, and PATRICIA
J. LANCASTER, in her capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF BUILDINGS; NEW
YORK CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT, and
SHAUN DONOVAN, in his capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION
AND DEVELOPMENT; and EMAD IBRAHEM.

                                *Defendants.*
------------------------------------------------------------------- X


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

URBAN JUSTICE CENTER
Homelessness Outreach & Prevention Proj.
Leslie T. Annexstein (LA 0430)
Ami T. Sanghvi (AS 5128)
123 William Street, 16th Floor
New York, New York 10038
Tel. (646) 602-5643


WEST SIDE SRO LAW PROJECT
Goddard Riverside Community Center
Martha Weithman (MW 3333)
647 Columbus Avenue
New York, New York 10025
Tel. (212) 799-9638

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

JUANA SIERRA,                                        07 Civ. 6769 (JSR)

                        *Plaintiff,*

- against -

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF BUILDINGS, and PATRICIA
J. LANCASTER, in her capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF BUILDINGS; NEW
YORK CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT, and
SHAUN DONOVAN, in his capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION
AND DEVELOPMENT; and EMAD IBRAHEM.

                        *Defendants.*

------------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

URBAN JUSTICE CENTER
Homelessness Outreach & Prevention Proj.
Leslie T. Annexstein (LA 0430)
Ami T. Sanghvi (AS 5128)
123 William Street, 16th Floor
New York, New York 10038
Tel. (646) 602-5643

WEST SIDE SRO LAW PROJECT
Goddard Riverside Community Center
Martha Weithman (MW 3333)
647 Columbus Avenue
New York, New York 10025
Tel. (212) 799-9638

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................1

**PROCEDURAL HISTORY** ..............................................................................................1

**ARGUMENT** ......................................................................................................................2

    I.    **Plaintiff Sierra is entitled to summary judgment as a matter of law because no genuine issues of material fact remain** ........................2

        a.    No genuine issues of fact remains.........................................................2

        b.    Plaintiff is entitled to a judgment as a matter of law because HMC §27-2076(b) violates the Fair Housing Act by discriminating on the basis of familial status ......................................3

        c.    Alternatively, even if this Court accepts Defendants' rationality standard, Plaintiffs are entitled to judgment as a matter of law ................................................................................................6

            i.   HMC § 27-2076(b) is not rationally related to a governmental interest...............................................................6
            ii.  Defendants have failed to make a showing sufficient to meet the rationality standard .....................................................8

    II.   **Defendants' motion for summary judgment should be denied** .............9

**CONCLUSION** ...................................................................................................................10

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).................................................................2

*Alliance for the Mentally Ill v. City of Naperville*, 923 F. Supp. 1057 (N.D. Ill. 1996)..................4

*Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1501 (10th Cir. 1995).........................................4, 5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).......................................................2, 8, 10

*Children's Alliance v. City of Bellvue*, 950 F. Supp. 1491 (W.D. Wash. 1997)..............................4

*City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 446, 450 (1985)..................6, 7, 9

*City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 728 (1995)..................................................9

*Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1050 (9th Cir. 2007)...............................4, 5, 9

*Cmty. House Trust v. Dep't of Consumer & Reg. Affairs*,
    257 F. Supp. 2d 208 (D.D.C. 2003).............................................................................................4

*Familystyle of St. Paul, Inc. v. City of St. Paul*, 923 F.2d 91, 94-5 (8th Cir. 1991).........................5

*Huertas v. East River Hous. Corp.*, 674 F.Supp. 440, 444 (S.D.N.Y. 1987)....................................4

*Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).........................8

*Huntington Branch NAACP v. Town of Huntington*, 844 F. 2d 926 (2d Cir. 1988)
    *aff'd* 488 U.S. 15 (1988).............................................................................................................6

*Larkin v. Michigan Dep't of Soc. Serv.*, 89 F.3d 285 (6th Cir. 1996)...............................................5

*LeBlanc-Sternberg v. Fletcher*, 67 F. 3d 412, 425 (2d Cir. 1995)....................................................3

*Oxford House-C v. City of St. Louis*, 77 F.3d 249 (8th Cir. 1996)...................................................5

*Robinson v. 12 Lofts Realty, Inc.*, 610 F.2d 1032, 1036 (2d Cir. 1979)...........................................4

*U.S. v. City of Chicago Heights*, 161 F. Supp. 2d 819 (N.D. Ill. 2001)...........................................4

*United States Dept. of Agriculture v. Moreno*, 413 U.S. 528, 535 (1973).......................................6

*Valdez v. Brookhaven*, 2005 U.S. Dist. LEXIS 36713 (E.D.N.Y. 2005).........................................1

*Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead*, 98 F. Supp. 2d 347, 355 (S.D.N.Y. 2000) ..................................................................................................................3

*Zobel v. Williams*, 457 U.S. 55, 61-63 (1981) ...........................................................................6

## **Statutory References**

42 U.S.C. § 3601 *et seq.* (2000) ........................................................................................ *passim*

42 U.S.C. § 3602(i) ...................................................................................................................3

42 U.S.C. § 3607(b)(1) .............................................................................................................9

42 U.S.C. § 3613(a)(1)(A) ........................................................................................................3

## **Regulatory References**

N.Y.C. Admin. Code § 27-2076(b) ................................................................................. *passim*

N.Y. Mult. Dwell. Law § 248(12)(McKinney 2001) .................................................................5

## PRELIMINARY STATEMENT

Plaintiff Sierra presents this Court with the legal question of whether Housing Maintenance Code ("HMC") Section 27-2076(b) facially discriminates on the basis of familial status in violation of the Fair Housing Act. This question requires application of a more searching legal inquiry employed by the Sixth, Ninth, and Tenth Circuits. Plaintiff Sierra is entitled to summary judgment under this more searching inquiry because no genuine issues of material fact exist. As a matter of law, the plain language of HMC § 27-2076(b) and its application violate the Fair Housing Act. Additionally, even application of the rationality standard asserted by Defendants, entitles Plaintiff Sierra to summary judgment. In the alternative, if this Court applies the rationality standard and finds that Plaintiff Sierra is not entitled to summary judgment, this Court should deny Defendants' motion because genuine issues of material fact exist with regard to Defendants' health and safety justifications.

## PROCEDURAL HISTORY

Plaintiff Sierra filed this lawsuit in July 2007 and moved for a Temporary Restraining Order and a Preliminary Injunction. The Temporary Restraining Order was denied and the Preliminary Injunction was postponed in order for this Court to decide the applicability of the Anti-Injunction Act. During this time, Plaintiff Sierra succumbed to the relentless pressure of her landlord and accepted an agreement to surrender the units for a sum of money. As a result of this agreement, the claims against Defendant Ibrahem were dismissed. *See* Stipulation for Dismissal of Defendant Emad Ibrahem, So Ordered Dec. 10, 2007 (No. 26). Defendants then moved to dismiss on the grounds that Plaintiff Sierra lacked standing. After considering briefs, arguments, and testimony, this Court denied Defendants' motion to dismiss finding that Plaintiff Sierra demonstrated past, present, and future harm sufficient to establish standing. *See*

1

Memorandum Order, March 3, 2008 (No. 42). Now, both parties are moving for summary judgment because no issues of genuine fact remain to be decided.[1]

# ARGUMENT

I. **Plaintiff Sierra is entitled to summary judgment as a matter of law because no genuine issues of material fact remain.**

Summary judgment is appropriate when the Court is satisfied that based on the pleadings, "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As set forth in prior pleadings and below, no genuine issues of material fact remain and as a matter of law Defendants' enactment and enforcement of HMC § 27-2076(b) violates the Fair Housing Act by discriminating on the basis of familial status.

    a. No genuine issues of material fact exist

The sole issue before this Court is purely legal in nature: HMC § 27-2076(b) on its face violates the Fair Housing Act. The Court need only look to the plain language of the law to find that it does in fact violate the Fair Housing Act. Pursuant to the Fair Housing Act Amendments, it is unlawful to refuse to sell or rent or to "make unavailable or deny, a dwelling to any person because of…familial status[.]" 42 U.S.C. § 3604(a) (2000). Additionally, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . familial status[.]" 42 U.S.C § 3604(b). The plain language of the New York City provision, HMC § 27-2076(b), prohibits families with children between the ages of 1 and 16 from residing

---

[1] This Court waived the requirements set forth in Rule 56.1 of the Local Rules of the Southern and Eastern Districts of New York. *See* Order, March 5, 2008 (No. 43).

2

in a rooming unit. Defendants admit to actively enforcing HMC § 27-2076(b) by issuing violations to landlords who rent rooming units to families with children between the ages of 1 and 16. *See* Affidavit of Mario Ferrigno dated August 16, 2007 ¶ 10 ("Ferrigno Aff.").[2]

Plaintiff Sierra has standing as an "aggrieved person" under the Fair Housing Act because she "(1) claims to have been injured by a discriminatory housing practice; and (2) believes that [she] will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i); *see also* 42 U.S.C. § 3613(a)(1)(A); Memorandum Order (No. 42). Defendants' enactment and enforcement of HMC § 27-2076(b) makes unavailable this type of dwelling because families with children are either (1) at risk of eviction if already occupying this type of dwelling, as Ms. Sierra previously was, or (2) precluded from renting or living in this type of dwelling as is Ms. Sierra's current status. This Court has found that Ms. Sierra has demonstrated past, present and future harm sufficient to establish standing and support claims for both damages and injunctive relief. *See* Memorandum Order (No. 42). The facts are clear and Defendants' enforcement of HMC § 27-2076(b) is undisputed. Thus, the only legal question is the standard of analysis to be applied to a facial challenge of an ordinance.

      b. <u>Plaintiff is entitled to a judgment as a matter of law because HMC § 27-2076(b) violates the Fair Housing Act by discriminating on the basis of familial status.</u>

A violation of the Fair Housing Act may be established on a theory of disparate impact or disparate treatment. *See LeBlanc-Sternberg v. Fletcher*, 67 F. 3d 412, 425 (2d Cir. 1995). Additionally, Courts have concluded that in order to prove a prima facie case of discrimination plaintiffs needed to show only that the action complained of had a discriminatory effect and not

---

[2] The affidavit states that in the past two years, HPD has issued 28 notices of violation under § 27-2026(b), but Plaintiff is assuming that it was erroneously written as § 27-2026(b) when in fact it was meant to be § 27-2076(b). Plaintiffs have assumed this previously and were not corrected. *See* Plaintiff's Mem. Of Law in Opp'n to Defs.' Mot. to Dismiss at p. 7.

that the defendants acted with discriminatory motivation. *See Yeshiva Chofetz Chaim Radin, Inc. v. The Village of New Hempstead,* 98 F. Supp. 2d 347, 355 (S.D.N.Y. 2000); *Huertas v. East River Hous. Corp.*, 674 F.Supp. 440, 444 (S.D.N.Y. 1987) citing *Robinson v. 12 Lofts Realty, Inc.*, 610 F.2d 1032, 1036 (2d Cir. 1979). Here, Defendants' provision results in discrimination against families with children. HMC § 27-2076(b) subjects families, a protected group under the Fair Housing Act, to explicitly differential treatment, and hence Plaintiff Sierra has established a prima facie case of facial discrimination. *See* Plaintiff's Mem. Of Law in Support of Order to Show Cause for T.R.O. and Prelim. Inj. at pp. 9-10 ("Pl.'s MOL I"). As a result, the only remaining legal question is the appropriate standard of review to be applied in analyzing whether justifications for the differential treatment violate the Fair Housing Act.

The parties have previously briefed this Court on the split among the Circuits regarding the applicable standard of review for facially discriminatory provisions under the Fair Housing Act. Plaintiff Sierra argues for a more searching inquiry applied by the Sixth, Ninth, and Tenth Circuits when reviewing provisions which facially discriminate on the basis of familial status. *See Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1050 (9th Cir. 2007) (citing cases from a majority of the district courts following the Sixth and Tenth Circuits' framework); *see e.g., Cmty. House Trust v. Dep't of Consumer & Reg. Affairs*, 257 F. Supp. 2d 208, 228-29 (D.D.C. 2003); *U.S. v. City of Chicago Heights*, 161 F. Supp. 2d 819, 843 (N.D. Ill. 2001); *Children's Alliance v. City of Bellvue*, 950 F. Supp. 1491, 1497-98 (W.D. Wash. 1997); *Alliance for the Mentally Ill v. City of Naperville*, 923 F. Supp. 1057, 1074-75 (N.D. Ill. 1996)); *Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1501 (10th Cir. 1995); see also Plaintiff's Reply Mem. Of Law at pp. 2-4 ("Pl.'s Reply MOL"). Defendants argue for this Court to apply a rational basis review by relying on Eighth Circuit cases involving persons with disabilities. *See* Def. Mem. Of Law in Opp'n to

4

Mot. for Prelim. Inj., at pp. 6-7 ("Def. MOL"), citing *Familystyle of St. Paul, Inc. v. City of St. Paul*, 923 F.2d 91, 94-5 (8th Cir. 1991); *Oxford House-C v. City of St. Louis*, 77 F.3d 249 (8th Cir. 1996). Reliance on the Eighth's Circuit approach is inappropriate in this instance because "some classes of persons specifically protected by the Fair Housing Act, such as families and the handicapped, are not protected classes for constitutional purposes." *Cmty. House, Inc. v. City of Boise*, 490 F. 3d at 1050. Thus, it is the more searching inquiry that must prevail.

The more searching inquiry requires that in order to allow the circumstance of facial discrimination, "a defendant must show either: (1) that the restriction benefits the protected class or (2) that it responds to legitimate safety concerns raised by the individuals affected rather than being based on stereotypes." *Id.* citing *Larkin v. Michigan Dep't of Soc. Serv.*, 89 F.3d 285 (6th Cir. 1996); *Bangerter*, 46 F.3d at 1503. Defendants have shown neither that the restriction benefits the protected class nor that it responds to legitimate safety concerns. In fact, the restriction led to Plaintiff Sierra's former risk of eviction and now presently bars her from residing in a specific type of dwelling. Further, the purported health and safety concerns asserted as justifications for the facially discriminatory provision are unsupported by relevant or timely information and ignore the existing HMC provisions which regulate poor housing conditions. *See* Pl.'s Reply MOL at pp. 7-8. Finally, Defendants also ignore the New York State Multiple Dwelling Law and HUD guidance which allow for non-discriminatory occupancy standards as an alternative means to serve the Defendants' alleged interests.[3] *See Huntington Branch NAACP*

---

[3] New York State Mult. Dwell. Law § 248(12) sets a maximum occupancy standard of two adults per room occupied for sleeping purposes and is not tied to familial status. N.Y. Mult. Dwell. Law § 248(12)(McKinney 2001). The Department of Housing and Urban Development, the federal agency responsible for enforcing the Fair Housing Act, has published guidance on this issue stating that it "believes that an occupancy policy of two persons in a bedroom, as a general rule, is reasonable under the Fair Housing Act." Fair Housing Enforcement – Occupancy Standard Statement of Policy, Notice, 63 Fed. Reg. 70256 (Dec. 18, 1998).

5

*v. Town of Huntington*, 844 F. 2d 926, 939 (2d Cir. 1988) *aff'd* 488 U.S. 15 (1988) (applying Title VII disparate impact analysis to public defendant and finding that the defendant must demonstrate that not only a legitimate bona fide governmental interest but also that no alternative would serve that interest with less discriminatory effect).

  c. <u>Alternatively, even if this Court accepts Defendants' rationality standard, Plaintiffs are entitled to judgment as a matter of law</u>

    i. <u>HMC § 27-2076(b) is not rationally related to a governmental interest</u>

"The State may not rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational." *City of Cleburne*, 473 U.S. 432, 446 (1985) (holding a City ordinance invalid which required special use permit for group homes for the mentally retarded despite the Court's application of the rational basis review) citing *Zobel v. Williams*, 457 U.S. 55, 61-63 (1981); *United States Dept. of Agriculture v. Moreno*, 413 U.S. 528, 535 (1973). HMC § 27-2076(b) imposes different restrictions on families with children residing in a certain type of dwelling than it does for families without children. Therefore, assuming arguendo, that rational basis review is appropriate for a challenge under the Fair Housing Act, the question must be whether this restriction is rationally related to Defendants' purported interest in protecting the health, safety, and welfare of children.

Defendants claim the restriction protects children but provide no relevant information to support this assertion. Rather, Defendants cite to legislative history and comments from 1960, 48 years ago, in support of the prohibited occupancy of rooming house accommodations and rooms used for single room occupancy by children under the age of 16. *See* Ferrigno Aff. ¶¶ 5-6, Ex. B. The deputy mayor in 1960 found that "occupancy of rooming house and single room occupancy accommodations by families with children under the age of 16 years gives rise to many moral and sociological problems" which result in an unhealthy environment in which to

6

rear children, and that "[s]uch properties rapidly become slum properties and slums are recognized as prime breeders of juvenile delinquency." *Id*. Defendants fail to cite any studies or reports that could lead to the finding that such occupancy creates "moral and sociological problems" nor do they support the theory of "slums" as breeding grounds for juvenile delinquency. Further, Defendants rely on the legislative history which states, "the rearing of children of such age in such inadequate and undesirable dwelling accommodations endangers their health, safety and welfare and *is detrimental to the welfare of the people of the city…*" *Id*. (emphasis added). Defendants provide no support for its conclusory assertion that families with children living in these types of dwellings are detrimental to the people of the city. *Id*. Furthermore, the Supreme Court rejected generalized concerns such as those regarding "fire hazards, the serenity of the neighborhood, and the avoidance of danger to other residents" as failing to rationally justify the discriminatory provision. *City of Cleburne*, 473 U.S. at 450.

Additionally, despite Defendants' active enforcement of this provision, they have failed to provide any specific information regarding the alleged detrimental housing conditions, either in Plaintiff Sierra's previous home or for the other 28 violations issued citing HMC § 27-2076(b). *See* Aff. Of Mario Ferrigno ¶ 10. Defendants still do not offer this Court even one example to demonstrate how poor the housing conditions are for children such that an absolute prohibition of their occupancy is necessary and furthers a legitimate interest. Rather, Defendants rely on old and irrelevant evidence – a twelve year old report on SRO housing stock in New York City, which does not even address the alleged dangers for children, and a seven year old report about families with children living in SRO hotels in San Francisco – to justify that the discriminatory provision is rationally related to a governmental interest. *See* Ferrigno Aff. at Ex. A, C. Thus, Defendants failed to demonstrate a rational basis for the discriminatory provision,

and hence Plaintiff Sierra is entitled to a grant of summary judgment even under the less restrictive level of scrutiny.

### ii. Defendants have failed to make a showing sufficient to meet the rationality standard

Even if this Court applies the rationality standard, Plaintiff's motion for summary judgment should be granted because Defendants have failed to meet such standard and provide any adequate proof that HMC § 27-2076(b) in fact furthers the interest of protecting the health, safety, and welfare of children. The Supreme Court has held that "the moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Celotex*, 477 U.S. at 322-323. Furthermore, "the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claims." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) citing *Celotex*, 477 U.S. at 324. Defendants have the burden of supporting the essential element of their defense, that HMC § 27-2076(b) is narrowly tailored to protect the health, safety, and welfare of children. As discussed above, Defendants have failed to meet this burden and yet chose to move for summary judgment in the absence of evidence to sufficiently support the alleged health and safety justifications for the facially discriminatory HMC provision. Defendants' decision to move for summary judgment at this time indicates no additional support exists to justify the enforcement of facially discriminatory HMC § 27-2076(b). Hence, Plaintiff's motion should be granted because Defendants lack sufficient evidence to establish the elements of their defense and Plaintiff's motion need not be supported by evidence negating the defense. *See Celotex*, 477 U.S. at 324.

## II. **Defendants' Motion for Summary Judgment should be denied**

First, Defendants are not entitled to a judgment as a matter of law. Defendants inappropriately argue for the standard of review adopted by the Supreme Court in *City of Cleburne*. 473 U.S. at 439. Here, Plaintiff Sierra has not raised a constitutional claim but rather her claim is under a federal statute which specifically protects against discrimination on the basis of familial status and hence Defendants' argument is misplaced. Additionally, Defendants' reliance on the Eighth Circuit's rational basis review is inappropriate. *See Cmty. House, Inc. v. City of Boise*, 490 F. 3d at 1050; *see also* Pl.'s Reply MOL at pp. 3-4. Finally, Defendants brief argument that the more searching inquiry would swallow up an exception carved out for certain restrictions ignores the Supreme Court's interpretation of the exception. *See* Def. MOL at p. 7 citing 42 U.S.C. § 3607(b)(1). As Plaintiff Sierra has previously argued, the Supreme Court has held that "§ 3607(b)(1) does not exempt prescriptions of the family-defining kind. Instead, section 3607(b)(1)'s absolute exemption removes from the Fair Housing Act's scope only total occupancy limits, i.e. numerical ceilings that serve to prevent overcrowding in living quarters." *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 728 (1995); *see also* Pl.'s MOL I at pp. 14-15. Therefore, because HMC § 27-2076(b) is not a total occupancy limit, but rather a restriction on families, the 42 U.S.C. § 3607(b)(1) exemption does not apply.

Secondly, in the alternative, even if this Court accepts the Eighth Circuit's standard of rational basis review, genuine issues of material fact remain as to the alleged health and safety concerns which justify HMC § 27-2076(b). In *Celotex*, the Supreme Court made its decision after there had been adequate time for discovery. *Celotex*, 477 U.S. at 322-323. Therefore, if this Court finds that the rationality standard should be applied and that Plaintiff Sierra is not yet entitled to judgment as a matter of law, then Plaintiff should be allowed the opportunity to

9

explore the genuine issues of material fact as to the alleged health and safety justification put forth by Defendants. As discussed above, Defendants have not yet established how the current violations pending against families with children are in fact protecting children against health and safety concerns. Defendants have relied on dated and irrelevant data, failed to provide how current SRO housing conditions differ so greatly than other dwellings such that this discriminatory provision is in fact justified, ignored other mandatory standards in the HMC which address poor housing conditions, and failed to address how occupancy standards set forth by the State Multiple Dwelling Law and HUD are insufficient to protect the health and safety of children in SROs. Hence Defendants' motion for summary judgment must be denied.

## CONCLUSION

For the reasons set forth above and for the reasons set forth in Plaintiff's previous papers, Plaintiff Sierra is entitled to judgment as a matter of law and respectfully requests that this Court grants Plaintiff's motion for summary judgment and denies Defendants' motion for summary judgment.

Dated: March 14, 2008
      New York, NY

Respectfully Submitted,

*[signature]*

BY: AMIT SANGHVI