UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JUANA SIERRA,

                               Plaintiff,

         -against-

THE CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF BUILDINGS; PATRICIA J.
LANCASTER, in her capacity as COMMISSIONER OF
THE NEW YORK CITY DEPARTMENT OF
BUILDINGS; NEW YORK CITY DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT;
SHAUN DONOVAN, in his capacity as
COMMISSIONER OF NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION AND
DEVELOPMENT; and EMAD IBRAHEM,

                               Defendants.

**ANSWER**

No. 07 CV 6769 (JSR)

------------------------------------------------------------------------ X

       Defendants the City of New York ("the City"), the New York City Department of Buildings ("DOB"), Patricia J. Lancaster,[1] in her capacity as Commissioner of DOB, the New York City Department of Housing Preservation and Development ("HPD"), and Shaun Donovan, in his capacity as Commissioner of HPD, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint filed on July 26, 2007 (hereinafter the "complaint"), respectfully allege upon information and belief as follows:

       1.    Deny the allegations set forth in paragraphs "1" and "2" of the complaint, except admit that plaintiff purports to proceed as described therein.

---

[1] Robert D. Li Mandri is the Acting Commissioner, effective April 22, 2008.

2. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as described therein.

3. Deny the allegations set forth in paragraph "4" of the complaint, and aver that DOB issued a notice of violation of Section 27-217 of the New York City Administrative Code.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

6. Deny the allegations set forth in the second paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation established and organized under the laws of the State of New York.

7. Deny the allegations set forth in paragraph "8" of the complaint, except admit that DOB is an agency of the City of New York, and is organized with the powers and duties set forth in Chapter 65 of the New York City Charter and Title 27 of the Administrative Code.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that HPD is an agency of the City of New York, and is organized with the powers and duties set forth in Chapter 61 of the New York City Charter and Title 27 of the New York City Administrative Code.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

10.     Deny the allegations set forth in paragraphs "11", "12" and "13" of the complaint, except admit that plaintiff purports to proceed as described therein.

11.     Deny that the allegations set forth in paragraphs "14" through "17" of the complaint completely and accurately describe the statutes described therein.

12.     Deny the allegations set forth in paragraph "18" of the complaint insofar as they allege or purport to allege any wrongdoing on the part of the defendants, or any entitlement by the plaintiff to the relief requested in her complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "19" through "23" of the complaint.

14.     Deny the allegations set forth in paragraph "24" of the complaint, except admit that DOB issued one notice of violation of Section 27-217 of the New York City Administrative Code.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "25" through "27" of the complaint.

16.     The allegations set forth in paragraphs "28" through "30" of the complaint set forth statutory provisions and legal conclusions which require no response, but if a response is needed, deny that the allegations in paragraphs "28" through "30" of the complaint provide a complete and accurate description of the statutes described therein.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "31" through "33" of the complaint, except deny the allegations insofar as they purport to allege that there are no lawful, non-SRO dwelling units that plaintiff can afford at the same rent she paid before.

18. Deny the allegations set forth in paragraph "34" of the complaint.

19. Deny the allegations set forth in paragraph "35" of the complaint.

20. Deny the allegations set forth in paragraph "36" of the complaint.

21. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "20" of their answer, as if fully set forth herein.

22. Deny the allegations set forth in paragraphs "38" through "42" of the complaint.

23. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "20" of their answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraphs "44" through "47" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25. The plaintiff's claims are either moot or not ripe for adjudication, and therefore are not justiciable.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. Plaintiff does not have standing to assert claims alleged in the complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27. The complaint fails to state a claim for relief cognizable under federal law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

29.    Accordingly, any actions of defendants complained of herein were in all respects lawful, proper and constitutional.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30.    The complaint fails to state a claim for relief cognizable under state law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31.    This Court should decline to exercise supplemental jurisdiction over those claims that are purportedly raised pursuant to state law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32.    Any damages sustained by plaintiffs resulted from plaintiffs' own culpable conduct.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

33.    Plaintiffs failed to file a notice of claim before commencing this action. Accordingly, their non-constitutional, state law claims for damages are barred pursuant to Sections 50-e and 50-i of the New York General Municipal Law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34.    Claims against the City of New York under state law are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35.   This action is barred in whole or in part by the applicable statute of limitations.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, awarding them costs and disbursements in this action, including reasonable attorneys' fees, and all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          May 23, 2008

>                          MICHAEL A. CARDOZO
>                          Corporation Counsel of the
>                            City of New York
>                          Attorney for Defendants
>                          100 Church Street
>                          New York, New York 10007
>                          (212) 442-0589
>
>                          By:       /s/
>                              JERALD HOROWITZ (JH 8395)
>                              Assistant Corporation Counsel